**LaDonna Kay (Holt) EWING, Appellant,**

**v.**

**Kenneth Warren HOLT, Appellee.**

**No. 2–91–185–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 5, 1992.

Fudge & Elder, W. Bernard Fudge, Burkburnett, for appellant.

Cotton & Knight, David W. Knight, Wichita Falls, for appellee.

Before WEAVER, C.J., LATTIMORE and ASHWORTH (Retired), JJ.

OPINION

LATTIMORE, Justice.

This is an appeal by LaDonna Kay Ewing (Ewing) from an order by the trial court which granted her, as the Managing Conservator of Lori LeeAnn Holt (Lori), an extension of child support payments for the months of June, July, and August of 1991 while denying the same for the preceding eight months. In her sole point of error, Ewing contends that the trial court erred in not extending child support payments for the entire period of time between September 20, 1990, Lori's eighteenth (18th) birthday, and her completion of all high school credit requirements in August of 1991. Kenneth Warren Holt (Holt) in a cross-point of error asserts that the trial court erred in its finding that Lori was fully enrolled in an accredited secondary school program leading to a high school diploma during the months of June, July, and August of 1991 and thus awarding additional child support based thereon.

We affirm.

Appellant's Point of Error

 In essence, Ewing maintains on appeal that the trial court erred in not extending child support from September 20, 1990, through May of 1991, the month in which citation was served on Holt. Section 14.-05(a) of the Texas Family Code states in pertinent part that:

The court of continuing exclusive jurisdiction may modify an existing order or

enter a new order extending child support past the 18th birthday of the child, whether the request for such an order is filed before or after the child's 18th birthday, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma. The order for periodic support may provide that payments continue until the end of the school year in which the child graduates.

TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1992).

We agree with Ewing in her contention that section 14.08(c)(2) governs modification of child support due to changed circumstances and does not contemplate the question of extending child support beyond the child's eighteenth birthday, as such is controlled by section 14.05(a); however, after analyzing the practicalities surrounding this issue, we conclude that 14.05(a) only allows for prospective child support from the earlier of the date of service of citation or an appearance on the motion to modify. TEX.FAM.CODE ANN. §§ 14.08(c)(2) & 14.05(a) (Vernon Supp.1992). The trial court did not have jurisdiction to require Holt to make child support payments which accrued after the child's eighteenth birthday and which would have been compensation for the period which predated the earlier of the day of service of citation or an appearance on the motion to modify.[1] Ewing's sole point of error is overruled.

### Appellee's Cross–Point of Error

█ Holt asserts in his sole cross-point of error that the trial court erred in finding as a matter of fact that Lori was fully enrolled in an accredited secondary school in a program leading toward a high school diploma and awarding additional child support based thereon. The trial court's seventh finding of fact states:

7. LORI LEEANN HOLT was fully enrolled in an accredited secondary school in a program leading toward a high school diploma on the date of her birthday through and including the month of August, 1991.

From May 31, 1991, through August, 1991, Lori was enrolled in a correspondence course for one credit which was required for her to graduate from high school. Holt contends that this does not constitute being "fully enrolled in an accredited secondary school in a program leading toward a high school diploma." TEX.FAM.CODE ANN. § 14.-05(a). The intent of the legislature in passage of this statute was to require a father to aid in the support of his child, even if that child is over the age of eighteen, so long as that child was actively participating in studies which would lead to a high school diploma. *In Interest of Frost*, 815 S.W.2d 890, 891 (Tex.App.—Amarillo 1991, no writ). While agreeing with Holt that enrollment in a correspondence course for one credit hour seems at first glance not to be "fully enrolled," we are unable to specifically enumerate how many hours Lori would be required to take in order that she might be "fully enrolled." Instead, we prefer to analyze this issue on the basis of how many hours she would be required to take if seeking to graduate.

In the present case, Lori presumably only needed one credit to graduate and therefore was as fully enrolled as necessary to receive a high school diploma. Had Lori needed two credits to graduate yet was only enrolled in a course for one credit which did not require full commitment of her time, we would not consider such to be full enrollment.

We are not inclined to establish an arbitrary number of hours in which a student must be enlisted in order that she be deemed "fully enrolled." We believe that such an arbitrary finding would be unjust

---

1. Section 14.08(c)(2) of the Texas Family Code provides in pertinent part that "a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance on the motion to modify." TEX.FAM.CODE ANN. § 14.08(c)(2). We interpret 14.05(a) similarly to 14.08(c)(2) on the point of retroactive compensation; therefore, when extending child support beyond the child's eighteenth birthday under 14.05(a), the existing order may be modified only prospectively from the earlier of the date of service of process or the appearance date on the motion.

in the present case in that it would require Lori to choose to either forego support from her father or take a heavier academic load than is required for her graduation. In the case before us, we hold that Lori was fully enrolled in that she was taking the maximum load required for graduation from high school. Holt's sole cross-point is overruled.

The judgment of the trial court is affirmed.