**In the Interest of J.A.B.**

**No. 2–99–150–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 17, 2000.

Bill Burdock, Fort Worth, for Appellant.

Staton & Taylor, Gerald Staton, Atty., Fort Worth, for Appellee.

PANEL B: DAUPHINOT and HOLMAN, JJ.; and WILLIAM BRIGHAM, J. (Retired, Sitting by Assignment).

## OPINION

WILLIAM BRIGHAM, Justice (Retired).

Appellant Terry C. Bryant appeals a post divorce child support enforcement order in favor of Appellee Judith Bryant. In two points, Appellant contends the trial court erred by entering an order for payment of arrears for a period of time after the child turned eighteen years old because the child was not participating in a program leading toward a high school diploma. For the following reasons, we affirm.

### PROCEDURAL BACKGROUND

Seventeen years after the parties divorced, the trial court modified Appellant's child-support obligation to extend payments until the child "reaches the age of 18 years, provided that, if the child is fully

enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child-support payments shall continue to be due and paid in full until the end of the school year in which the child graduates." Shortly after the child turned eighteen, Appellant ceased paying child support. Appellee filed a motion for enforcement, and the matter was heard before a family law associate judge.[1] The associate judge awarded Appellee arrearages of $5,351.59; no *de novo* appeal of this decision was made to the presiding judge. The trial court adopted the opinion of the associate judge, and an order granting judgment of arrears was signed on January 27, 1999.

Appellant filed a motion for new trial, and as grounds alleged the trial court erred by awarding child support arrears because the child "had attained the age of 18 and was not attending a secondary school actively pursuing a high school diploma." After a hearing, the trial court denied the motion. Appellant requested and the trial court filed its findings of fact and conclusions of law. Appellant filed a notice of appeal.

## WAIVER

■ Appellee contends that Appellant waived his right to contest the factual or legal sufficiency of the evidence supporting the trial court's findings of fact or conclusions of law because he failed to request additional findings and failed to provide a record from the trial on the merits. Because Appellant has stipulated that the child was fully enrolled in a program leading toward a high school diploma, and does not frame his points on appeal in terms of legal or factual sufficiency, we are unpersuaded by Appellee's waiver argument. Rather, we read Appellant's contentions as a challenge to the trial court's conclusions of law.

1. Although the order on the motion to enforce states that a record of testimony was made by the court reporter for the associate judge, upon inquiry by our court clerk pursuant to rule 34.6(d), no record was in fact made of

■ Conclusions of law are reviewable when attacked as a matter of law, but not on grounds of factual sufficiency. *See Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1 st Dist.] 1985, writ ref'd n.r.e.), *rev'd on other grounds*, 801 S.W.2d 890, 894 (Tex.1991). Rule 34.1 states that the appellate record consists of a reporter's record *if necessary to the appeal. See* TEX.R.APP. P. 34.1. Because Appellant's contentions amount to a strict question of law, a reporter's record from the hearing before the associate judge is not necessary. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). In a bench trial, we consider questions of law even if no reporter's record is requested. *See Little v. McAninch*, 896 S.W.2d 199, 201 (Tex.App.—Houston [1 st Dist.] 1994, writ denied).

## APPELLANT'S POINTS

■ In his first point, Appellant contends the trial court erred when it entered judgment for Appellee and the court failed to find the child was in a program leading toward a high school diploma. Appellant stipulates in his brief, however, that "the child was 'fully enrolled' as that term is used in the statute *in a program leading to a high school diploma.*" [Emphasis added.] In light of this concession, we overrule point one.

In point two, Appellant charges trial court error in the entry of a judgment of child support for the months of January through May 1998 because the child was not participating in a program leading toward a high school diploma. The question of law presented is simply whether the language of the statute[2] providing for support after a child reaches age eighteen when the child is "fully enrolled" in high school or its equivalent requires that the child must be "participating" in school.

the October 6, 1998 hearing. *See* TEX.R.APP. P. 34.6(d).

2. Section 154.002(a) provides that if a child is "fully enrolled in an accredited secondary school in a program leading toward a high

## FULLY ENROLLED

We find no binding authority for the proposition that a child must be "participating" in high school or its equivalent in order to be considered "fully enrolled." This court has determined that it would be unjust "to establish an arbitrary number of hours in which a student must be enlisted in order [to be] deemed 'fully enrolled.'" *See Ewing v. Holt*, 835 S.W.2d 274, 275–76 (Tex.App.—Fort Worth 1992, no writ). In that case, we recognized that the intent of the legislature in allowing for child support after the child's eighteenth birthday was "to require a father to aid in the support of his child, even if that child is over the age of eighteen, so long as that child was *actively participating* in studies which would lead to a high school diploma." *Id.* at 275 (emphasis added) (citing *In the Interest of Frost*, 815 S.W.2d 890, 891 (Tex.App.—Amarillo 1991, no writ)). We held, however, that a child enrolled in a single correspondence course worth one credit hour was "fully enrolled," when that was the only course required for her to graduate. *See id.* We did not directly address the issue before us in the instant case.

The plain language of the statute is clear. Regardless of whether the language is ambiguous on its face, the code construction act allows us to consider the object sought to be attained and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). The obvious intent of the legislature, as we have pointed out, is to require parents to aid in the support of their child, even if that child is over eighteen years of age, as long as the child is participating in studies leading toward a high school diploma. *See In the Interest of Frost*, 815 S.W.2d at 892. Implicit in the legislature's intent is its overriding concern that the child's participation be under appropriate supervision to ensure that it is an effective course of study. *See id.* at 892–93.

Supervision requires not only classroom teachers or course instructors, but also parents. A primary duty of a parent is to support the child, and this duty, according to the family code, includes providing the child with an education. *See* TEX. FAM.CODE ANN. § 151.003(a)(3) (Vernon 1996). The fact that the child the subject of this suit has accumulated too many unexcused absences to receive credit in four of six courses, in and of itself, does not determine that the child is not "fully enrolled." *See In re A.B.*, 994 S.W.2d 229, 231 (Tex.App.—Eastland 1999, no writ). "Full enrollment" does not require the child to make a good faith effort to attend school and pass, rather, it requires that a child's name appear on the rolls of the school district, that the child be registered for the normal number of classes, and that he has not been withdrawn or expelled. *See id.* at 231–32. It may also require both parents to participate actively in their duties to support and educate the child, and when necessary, to supervise the child's attendance.

We will not, on this record, presume facts not before us. Because the trial court concluded as a matter of law that the subject child was enrolled in the twelfth grade in high school through June of the year after the child reached eighteen years of age, that the child was never dismissed or withdrawn for excessive absences, and that he was enrolled for six courses in each of his last two semesters of high school, we hold that as a matter of law, the child was "fully enrolled" for purposes of the statute. We overrule Appellant's second point.

## CONCLUSION

Having overruled both of Appellant's points, we affirm the judgment of the trial court.

---

school diploma," the court may render an order providing for support past the child's

eighteenth birthday. TEX. FAM.CODE ANN. § 154.002(a) (Vernon Supp.2000).