264 S.W.3d 919 (2008)
In the Interest of J.H., a Child.
No. 05-07-01176-CV.
Court of Appeals of Texas, Dallas.
September 10, 2008.
*920 Juliana Emmett Morris, Cedar Hill, for appellant.
Rande K. Herrell, John B. Worley, Alicia Gray Key, Atty. Gen. Office, Child Support Div., Austin, Craig A. Jackson, Brewer & Jackson, P.C., Irving, for appellee.
Before Justices WRIGHT, BRIDGES, and MAZZANT.

OPINION
Opinion by Justice BRIDGES.
James Richard Norman, the respondent father in the action before the trial court, appeals from an order adjudicating parentage and ordering the payment of child support. In three issues, Norman asserts (1) the statute of limitations bars the Attorney *921 General's action; (2) the trial court acted unreasonably in ordering Norman to pay retroactive child support; and (3) the trial court misapplied the statute governing child support by ordering Norman to pay current child support for the nineteen-year-old child who is being home-schooled. We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND
J.H. is the biological child of Jo Nanette Haywood and Norman. At the time of J.H.'s conception, Haywood was married to Robert McCown, but they were separated and living apart. Norman had sexual intercourse with Haywood during the probable time of conception. While she was pregnant, Haywood told Norman about her pregnancy, and he denied paternity. Norman denies receiving any communications from Haywood thereafter. Haywood and McCown divorced when Haywood was four-and-a-half months pregnant. The divorce decree stated there were no children of the marriage and none were expected. J.H. was born on December 31, 1987. Haywood testified she tried to contact Norman several times through a mutual friend, but he did not respond.
On September 26, 2005, the Office of the Attorney General (the AG) filed a Petition to Establish the Parent-Child Relationship seeking to establish Norman's paternity. Norman denied paternity and requested DNA testing, which confirmed his paternity of J.H. with 99.99% certainty. Norman signed a "Temporary Agreed Order Establishing the Parent-Child Relationship" in which the court found Norman was J.H.'s biological father. The AG amended its petition to join the presumed father, McCown, as a party. McCown denied paternity. Haywood later filed a cross-petition to adjudicate parentage. In response, Norman filed an amended answer raising the defense of limitations.
The trial court held an evidentiary hearing. At the time of the hearing, J.H. was nineteen years old. Haywood testified J.H. is enrolled in an internet home-schooling program through Penn Foster and has completed one-third to one-half of the program. Penn Foster is an accredited school, and the program leads toward a high-school diploma. J.H. is required to finish the program in three years. He had been enrolled in the program for nineteen months at the time of the hearing. J.H. studies during the day while Haywood is at work, and she reviews his work in the evening. Haywood testified J.H. is making progress toward his diploma by completing required testing.
The trial court ruled the statute of limitations found in family code section 160.607 did not apply to an action brought by the AG, and Norman has a statutory obligation to pay child support. The trial court then issued a letter ruling[1] advising it would establish the parent-child relationship between Norman and J.H. and would order child support until J.H. graduates from high school and retroactive child support for the preceding four years. Norman filed a motion for reconsideration addressing child-support issues only. The trial court signed an order adjudicating parentage finding Norman is J.H.'s father and ordering the payment of retroactive child *922 support and current child support until J.H. "reaches the age of eighteen years or graduates from high school." The language of the trial court's order tracks the statute for awarding child support through high school graduation. No findings of fact or conclusions of law were requested or filed. Norman filed this appeal.

II. STATUTE OF LIMITATIONS
In his first issue, Norman contends the AG's action was barred by the statute of limitations for a suit adjudicating parentage of a child with a presumed father. See TEX. FAM.CODE ANN. § 160.607(a) (Vernon Supp.2008).[2] The statute provides that, "[e]xcept as otherwise provided by Subsection (b), a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child." Id. Specifically, Norman argues the AG is "another individual" under the family code and the trial court's holding that it is not "another individual" creates an unreasonable loophole, rendering the statute of limitations meaningless and circumventing the legislature's public policy intent. The AG and Haywood do not directly address Norman's assertion that the AG is "another individual" under the statute. They argue section 160.607(a) does not apply because J.H. had no presumed father because McCown's status as J.H.'s presumed father had been rebutted by the DNA test, and the trial court had already resolved Norman's paternity in its Temporary Agreed Order. Further, the AG and Haywood argue the action is not barred because, even if the limitation in section 160.607(a) does apply, the exception to the statute of limitations in section 160.607(b) allows the proceeding to be maintained at any time.
A presumption of paternity exists if a man is married to the mother of the child and the child is born before the 301st day after the day the marriage was terminated by divorce. TEX. FAM.CODE ANN. § 160.204(a)(2) (Vernon Supp.2008). This presumption legally establishes the father-child relationship between the man and child. TEX. FAM.CODE ANN. § 160.201(b)(1) (Vernon 2002). However, a proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determines that:
(1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; and
(2) the presumed father never represented to others that the child was his own.
TEX. FAM.CODE ANN. § 160.607(b) (Vernon Supp.2008). The party seeking to avoid limitations bears the burden of proving a provision that would toll the statute of limitations. See In re Rodriguez, 248 S.W.3d 444, 450 (Tex.App.-Dallas 2008, no pet.) (citing In re S.C.L., 175 S.W.3d 555, 558 n. 1 (Tex.App.-Dallas 2005, no pet.)); see also Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex.1988) (party seeking to avoid a statute of limitations bears the burden of proving a tolling provision once the initial bar is established as a matter of law).
*923 Norman argues section 160.607 acts to bar the action because the AG is "another individual" under the statute and J.H. was a child with a presumed father when the action was filed. See TEX. FAM.CODE ANN. § 160.607(a) (Vernon Supp.2008). It is undisputed that J.H. was conceived during the marriage of Haywood and McCown and born before the 301st day after the day the marriage terminated in divorce. Thus, McCown was the presumed father of the child when the action commenced. See TEX. FAM.CODE ANN. § 160.204(a)(2). Without addressing whether the AG is "another individual" under the statute, the AG and Haywood assert the limitation does not apply because the presumed father's status was rebutted by the genetic testing results and by Norman's signature on the Temporary Agreed Order Establishing Parent-Child Relationship. See id. Even assuming, without deciding, that the four-year limitation set forth in section 160.607 of the Texas Family Code applies to the AG as "another individual" and that McCown's status as presumed father had not been rebutted when the suit was commenced, the action is not barred. The statute of limitations does not bar the suit if the exception to the four-year period of limitations in section 160.607(b) has been met. See TEX. FAM.CODE ANN. § 160.607(b).
The proceeding seeking to establish a parent-child relationship between J.H. and Norman, and thus disprove the father-child relationship between J.H. and McCown, could be maintained at any time under section 160.607(b) if the trial court determined that (1) McCown and Haywood did not live together or engage in sexual intercourse with each other during the probable time of conception and (2) McCown "never" represented to others the child was his own. See TEX. FAM.CODE ANN. § 160.607(b). In his arguments on appeal, Norman does not address the evidence establishing the exception to the statute of limitations, but such evidence was before the trial court. At the hearing before the trial court, Haywood testified she and McCown had been separated for about a year when she became pregnant and Norman was the only man with whom she had sex during the probable time of conception. McCown filed a sworn Denial of Paternity by Husband in which he denied paternity based on no access. Further, McCown did not claim J.H. was his child, as evidenced by the divorce decree in which Haywood and McCown state there is no child of the marriage and none is expected. Therefore, we conclude the trial court did not err by impliedly finding the suit was not barred by limitations because the exception in section 160.607(b) was met. See TEX. FAM.CODE ANN. § 160.607(b). We decide against Norman on his first issue.

III. CHILD SUPPORT AWARD

A. Standard of Review
A trial court's order for child support, including an award for retroactive support, is reviewed for an abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); In re Guthrie, 45 S.W.3d 719, 727 (Tex.App.-Dallas 2001, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.1985); In re Guthrie, 45 S.W.3d at 727. In determining whether the trial court abused its discretion in the resolution of factual matters, the court of appeals may not substitute its judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.1992).
*924 Under this standard of review, a legal and factual sufficiency review of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. Niskar v. Niskar, 136 S.W.3d 749, 753 (Tex.App.-Dallas 2004, no pet.). We review the record to determine whether some evidence exists to support the judgment. Id. (citing Worford, 801 S.W.2d at 109). When no findings of fact or conclusions of law were requested or filed, it is implied that the trial court made all the findings necessary to support its judgment. Worford, 801 S.W.2d at 109; Niskar, 136 S.W.3d at 753. In determining whether some evidence supports the judgment and implied findings of fact, we will consider only the evidence favorable to the trial court's judgment and "disregard entirely that which is opposed to it or contradictory in its nature." Worford, 801 S.W.2d at 109; Niskar, 136 S.W.3d at 753-54. The judgment will be upheld on any legal theory that finds support in the evidence. Niskar, 136 S.W.3d at 754.

B. Retroactive Child Support
In his second issue, Norman argues the trial court abused its discretion in awarding retroactive child support.

1. Applicable Law
Section 160.636 of the Texas Family Code provides that, upon a finding of parentage in a paternity action, the trial court may order support retroactive to the time of the birth of the child. TEX. FAM.CODE ANN. § 160.636(b) (Vernon 2002). The family code adopts a presumption that an order limiting the amount of retroactive child support to an amount which does not exceed the total amount of support that would have been due for the four years preceding the date the petition seeking support was filed is reasonable and in the best interest of the child. TEX. FAM.CODE ANN. § 154.131(c) (Vernon Supp.2008). In making an award for retroactive child support under section 160.636, the trial court must use the child support guidelines provided by chapter 154 of the code, together with any other relevant factors. Id. § 160.636(c); see In re Guthrie, 45 S.W.3d at 727.
Section 154.131 of the family code provides that the child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered. TEX. FAM.CODE ANN. § 154.131(a) (Vernon Supp.2008). In determining whether to order retroactive child support, the court must "consider the net resources of the obligor during the relevant time period" and whether:
(1) the mother of the child had made any previous attempts to notify the obligor of his paternity or probable paternity;
(2) the obligor had knowledge of his paternity or probable paternity;
(3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and
(4) the obligor had provided actual support or other necessaries before the filing of the action.
Id. § 154.131(b)(1)-(4); see also id. §§ 154.123(b)(1)-(17) (Vernon 2002) (listing nonexclusive factors the trial court may consider in applying guidelines); In re Guthrie, 45 S.W.3d at 727. However, section 154.131 does not bind the trial court to the listed factors in determining retroactive child support, but is merely intended to guide the trial court in determining the *925 amount of retroactive child support. Garza v. Blanton, 55 S.W.3d 708, 710 (Tex. App.-Corpus Christi 2001, no pet.). The statutory language vests the trial court with discretion to award retroactive support and the amount of that support. In re Guthrie, 45 S.W.3d at 727.

2. Application of Law to Facts
Norman argues the trial court acted unreasonably in awarding four years of retroactive support and failing to find he overcame the presumption that four years of retroactive support is reasonable. Norman emphasizes Haywood's lack of diligence in notifying Norman of his paternity. He also urges that, considering his age and health problems, the order imposes an undue financial hardship on him and his family. Because no findings of fact or conclusions of law were requested or filed in this case, it is implied that the trial court made the necessary findings to uphold the judgment. See Worford, 801 S.W.2d at 109. In determining whether some evidence supports the trial court's award of retroactive child support for J.H., we will consider only the evidence favorable to the trial court's judgment. See id.; Niskar, 136 S.W.3d at 753-54. There is evidence of Haywood's attempts to notify Norman of his paternity, Norman's knowledge of his probable paternity, his income of approximately $60,000 a year, and his lack of support in the past. See TEX. FAM.CODE ANN. § 154.131(a) (Vernon Supp. 2008). We conclude there is evidence to support the trial court's award of retroactive child support and, therefore, the trial court did not abuse its discretion. See Worford, 801 S.W.2d at 109; Niskar, 136 S.W.3d at 753; In re Guthrie, 45 S.W.3d at 727. We decide against Norman on his second issue.

C. Current Child Support Obligation
In his third issue, Norman argues the trial court abused its discretion in awarding child support for the child who, at the time of trial, was nineteen years old and being home-schooled. Norman argues that J.H. is not enrolled in a "private secondary school" and his home-schooling has no "minimum attendance requirements."

1. Applicable Law
The family code provides the trial court may order child support past the child's eighteenth birthday if the child is enrolled "on a full-time basis in a private secondary school in a program leading toward a high school diploma" and is complying with "the minimum attendance requirements imposed by the school in which the child is enrolled, if the child is enrolled in a private secondary school." TEX. FAM.CODE ANN. § 154.002 (Vernon Supp.2008). "The intent of section 154.002(a) is to require a parent to help support his child, even if the child is over eighteen years of age, so long as that child is actively participating in studies that would lead to a high school diploma." Crocker v. Attorney Gen. of Tex., 3 S.W.3d 650, 653 (Tex.App.-Austin 1999, no pet.) (citing In re Frost, 815 S.W.2d 890, 892 (Tex.App.-Amarillo 1991, no writ)).
The family code does not define "private secondary school." See TEX. FAM.CODE ANN. § 154.002. However, the other provisions of the statute do refer to the Texas Education Code in determining the child's enrollment status.[3]Id. § 154.002(a)(1)(A), *926 (B). While "private secondary school" is not defined in the education code either, the legislature has indicated in revisions to the Texas Education Code that home schools are included within the purview of "private or parochial schools." Tex. Educ. Agency v. Leeper, 893 S.W.2d 432, 444 (Tex.1994) (citing Act of May 28, 1989, 71st Leg., R.S., ch. 658, § 11, 1989 Tex. Gen. Laws 2165, 2168 (codified as TEX. EDUC. CODE ANN. § 4.25 (Vernon 1989))). Furthermore, the Texas Supreme Court has held that children enrolled in home school fall under the "private school" exemption to the state compulsory public school attendance law. Id. at 443-44.
Under a previous version of section 154.002, the Fort Worth Court of Appeals held that a child over eighteen who was enrolled in a correspondence course to obtain the one credit she needed to graduate was sufficiently "fully enrolled in an accredited secondary school in a program leading toward a high school diploma." Ewing v. Holt, 835 S.W.2d 274, 275-76 (Tex.App.-Fort Worth 1992, no writ). In that case, the child needed only one credit to finish the program. Id. at 275. She was as "fully enrolled" as required to finish her diploma. Id. The court declined to establish an "arbitrary number of hours in which a student must be enlisted" in order to be deemed "fully enrolled." Id.
Another case analyzing the meaning of "fully enrolled in a secondary school program" under a prior version of section 154.002 held that there is no requirement of a "good faith effort" to attend school and pass classes. In re A.B., 994 S.W.2d 229, 231-32 (Tex.App.-Eastland 1999, pet. denied). The Eastland Court of Appeals held the purpose of the statute is to encourage the child to pursue an education, and a child is therefore "fully enrolled" when enrolled in school and registered for the normal number of classes. Id. at 232.

2. Application of Law to Facts
Because no findings of fact or conclusions of law were requested or filed in this case, it is implied that the trial court made the necessary findings to uphold the judgment. See Worford, 801 S.W.2d at 109. In determining whether some evidence supports the trial court's award of current child support for J.H., we will only consider the evidence favorable to the trial court's judgment. See id.; Niskar, 136 S.W.3d at 753-54. In this case, the record reveals J.H. is enrolled in an internet-based home-schooling program which is a "private secondary school." See Leeper, 893 S.W.2d 432, 443-44; Ewing, 835 S.W.2d at 275-76. Haywood testified that J.H. is one-third to one-half completed with his home-schooling program and is required to finish the program in three years. J.H. was enrolled in the Penn Foster program in September of 2005. The *927 program is an accredited program which leads toward a high-school diploma. J.H. is making progress toward his diploma by studying required materials and completing testing. Therefore, there is some evidence that J.H. was enrolled on a full-time basis in a private secondary school in a program leading toward a high school diploma and complying with the minimum attendance requirements. See Ewing, 835 S.W.2d at 275-76; In re A.B., 994 S.W.2d at 231-32.
We note Norman makes an assertion in his appellate brief that the order for payment of child support with "no termination date and with no end in sight for the child's 'schooling'" results in an obligation to "pay monthly support indefinitely." However, Norman provides no further briefing, authorities, or analysis in regard to this assertion. His briefing on the current child support issue focuses on his argument that "Haywood presented no evidence to meet the burden that the child was enrolled full time or that there were any minimum attendance requirements[.]" The Texas Rules of Appellate Procedure require that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). The failure to adequately brief an issue waives that issue on appeal. See Huey v. Huey, 200 S.W.3d 851, 854 (Tex. App.-Dallas 2006, no pet.). Therefore, Norman's complaint regarding the alleged indefinite termination of his child support obligation is waived.
For the foregoing reasons, we cannot conclude the trial court abused its discretion in ordering Norman to pay current child support for J.H. See Worford, 801 S.W.2d at 109. We decide against appellant on his third issue.

IV. CONCLUSION
We conclude the suit was not barred by limitations and the trial court did not abuse its discretion in ordering Norman to pay retroactive child support and current child support for his nineteen-year-old home-schooled child. We affirm the trial court's judgment.
MAZZANT, J., concurring.
Concurring Opinion by Justice MAZZANT.
I join the majority opinion in its disposition of issues two and three. I do not join in the majority's analysis of Norman's first issue, but I do agree that the trial court's judgment should be affirmed. Accordingly, I concur in the court's judgment.
With respect to Norman's first issue, the record reflects that Norman signed the Temporary Agreed Order Establishing the Parent-Child Relationship in which the trial court found that Norman is the biological father of J.H. and ordered that the parent-child relationship was established between them. Norman did not plead the defense of statute of limitations until over seven months after the trial court signed that order. In my view, Norman waived the defense of limitations. See Mailhot v. Mailhot, 124 S.W.3d 775, 777 (Tex.App.-Houston [1st Dist.] 2003, no pet.) ("To preserve error for appeal, a party who signs a judgment must specify that his agreement with the judgment is as to form, but not as to substance and outcome."). Accordingly, I would not reach the question of the proper relationship between subsections (a) and (b) of section 160.607 of the family code.
NOTES
[1] The letter ruling is not included in the appellate record. It is simply attached to Norman's brief. Because it is not in the appellate record, we cannot consider it. See King v. Wells Fargo Bank, N.A., 205 S.W.3d 731, 735-36 (Tex.App.-Dallas 2006, no pet.); Green v. Kaposta, 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).
[2] Because the action was filed in 2005, we apply the law that was in effect at that time. However, because subsequent revisions to the family code did not affect the specific provisions we analyze in this case, we cite to the current code.
[3] The statute provides, in relevant part:

§ 154.002 Child Support Through High School Graduation
(a) The court may render an original support order, or modify an existing order, providing child support past the 18th birthday of the child to be paid only if the child is:
(1) enrolled:
(A) under Chapter 25, Education Code, in an accredited secondary school in a program leading toward a high school diploma;
(B) under Section 130.008, Education Code, in courses for joint high school and junior college credit; or
(C) on a full-time basis in a private secondary school in a program leading toward a high school diploma; and
(2) complying with:
(A) the minimum attendance requirements of Subchapter C, Chapter 25, Education Code; or
(B) the minimum attendance requirements imposed by the school in which the child is enrolled, if the child is enrolled in a private secondary school.