**AFFIRMED and Opinion Filed April 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00040-CV

_____

### IN THE INTEREST OF L.L.L., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00379-W**

# MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

In this suit affecting the parent–child relationship, appellant Father challenges a child support order. He argues that the trial court abused its discretion by failing to find that Father owed a duty of support to four children not before the court. Such a finding would have reduced Father's support obligation to his child, L.L.L.

Because some evidence supports the trial court's decision, we affirm.

## I. BACKGROUND

The Texas Department of Family and Protective Services filed this SAPCR regarding two children, L.L.L. and K.P.C.L. The Department alleged that Father was L.L.L.'s father.

The trial court later severed the case so that each child was the subject of a separate case.

In L.L.L.'s case, the parties reached agreement on some issues. The trial court then held a short bench trial on visitation and child support.

The final judgment established the parent–child relationship between Father and L.L.L., established two non-parents as L.L.L.'s conservators, and gave Mother and Father limited visitation. The judgment also ordered Father to pay child support of $196.53 per month. No findings of fact were requested or made.

Father timely appealed.

## II. ANALYSIS

Father's sole appellate issue argues that the trial court erred by ordering him to pay $196.53 per month as child support. He argues that the trial court erroneously failed to find that he had four other children to support besides L.L.L. Had the trial court not erred, Father contends, the court would have set child support at 13.66% of Father's total net resources instead of 17.5% of his total net resources.

### A. Standard of Review and Error Preservation

We review a child support order for abuse of discretion. *In re J.H.*, 264 S.W.3d 919, 923 (Tex. App.—Dallas 2008, no pet.). As to factual matters, we may not reverse the trial court's decision unless it was arbitrary and unreasonable. *Id*. Because no findings of fact were requested or made, we imply all findings necessary to support the judgment, and we uphold the judgment on any legal theory finding support in the evidence. *Id*. at 924.

The State argues that Father forfeited his appellate issue because he did not raise it in the trial court. It relies on *In re A.B.*, 368 S.W.3d 850, 859–60 (Tex. App.—Houston [14th Dist.] 2012, no pet.), in which the court held that certain arguments attacking a child support order were forfeited for lack of preservation. Here, Father's argument is essentially an evidentiary sufficiency complaint attacking a failure to find that he had a duty to support four children not before the court. *See In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.) ("In family law cases, the abuse of discretion standard of review overlaps with traditional sufficiency standards of

review."). Sufficiency complaints need not be preserved after a bench trial. TEX. R. APP. P. 33.1(d).

For purposes of this case, we assume without deciding that Father was not required to preserve his complaint in the trial court.

**B. Applicable Law and the Trial Court's Finding**

Child support is generally determined by calculating the obligor parent's monthly net resources and then applying statutory guidelines to that amount. *In re M.G.*, No. 05-15-00234-CV, 2016 WL 4120030, at *4 (Tex. App.—Dallas July 29, 2016, no pet.) (mem. op.).

The parties agree that the trial court used Family Code § 154.129 to determine Father's child support obligation. That section sets forth a chart for determining the percentage of a parent's net resources to be awarded as child support when the parent has other children not before court "for whom the [parent] has a duty of support." TEX. FAM. CODE § 154.129. When this method is used, the parent bears the burden of proving how many other children he owes a duty to support. *In re M.G.*, 2016 WL 4120030, at *5.

Here, only one child (L.L.L.) was before the trial court, so this is the relevant part of the § 154.129 chart:

| Number of other children for whom the obligor has a duty of support | % of net resources when one child is before the court |
|---|---|
| 0 | 20.00 |
| 1 | 17.50 |
| 2 | 16.00 |
| 3 | 14.75 |
| 4 | 13.60 |

The trial court set child support at 17.5% of Father's monthly net resources. Thus, the court implicitly found that Father had a duty of support for one other child not before the court.

**C.** **Applying the Law to the Facts: Did the trial court abuse its discretion by implicitly finding that Father had a duty to support only one other child?**

Father argues that the trial court abused its discretion by implicitly finding that he had a duty to support only one other child because he testified without contradiction that he has four other children besides L.L.L. His argument fails, however, because he also testified that he had a "child support obligation" for only one child besides L.L.L. Specifically, he testified as follows:

Q. How many children do you have?

A. Five.

Q. And that includes [L.L.L.]?

A. Yes, ma'am.

Q. Do you have a child support obligation for any child other than [L.L.L.]?

A. Yes, ma'am.

Q. Who is that?

A. [J.M.]

Q. So just one other child?

A. Yes, ma'am.

Thus, Father plainly said, and the trial court could reasonably find, that Father had a duty of support as to only one child other than L.L.L.

Nevertheless, despite his own testimony to the contrary, Father argues that the trial court should have found that he owed a duty of support to all four of his other children based on the general principle that parents owe a natural and legal duty to support their children during minority. *See Gully v. Gully*, 231 S.W. 97, 98 (Tex. 1921); *see also Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011). He also criticizes our *In re M.G.* opinion for saying that the obligor father needed to prove that he had a "formal" duty to support a child not before the court. *See* 2016 WL 4120030, at *5. According to Father, we improperly added the word "formal" to § 154.129's language.

–4–

We reject Father's argument. Even if we (i) disregard *In re M.G.*'s reference to a "formal" duty of support and (ii) assume that the "duty of support" referenced in § 154.129 includes the "natural and legal duty" to support minor children mentioned in *Gully*, Father's evidence did not compel the trial court to find that Father had four minor children not before the court. Although he testified that he had four other children, he didn't testify how old they were or that they were minors. Instead, he testified that he owed a duty of support to only one of those children.

Because Father bore the burden of proof to show how many children not before the court he owed a duty of support, and because the evidence permitted the trial court to reasonably find Father had only one such child, the trial court did not abuse its discretion by implicitly so finding.

We overrule Father's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190040F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.L.L., A CHILD

No. 05-19-00040-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-17-00379-W.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered April 26, 2019.