

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| MARY B. BARDOUCHE, | § | No. 08-23-00248-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 383rd Judicial District Court |
| | § | |
| JON D. BARDOUCHE, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 96CM6257) |

## MEMORANDUM OPINION

Mary B. Bardouche, Appellant, appeals the denial of her request to extend the child support obligation of Appellee, Jon D. Bardouche. For the reasons below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2005, Jon was ordered to pay child support for his and Mary's child, P.E.B. P.E.B. turned 18 years old in May 2022. In September 2022, the Office of the Attorney General moved to determine whether Jon had a continuing duty of support. After a hearing, the Associate Judge signed an order finding that "the duty to support existed beyond P.E.B.'s 18th birthday but that such duty terminated in May 2023." Jon timely filed a request for a *de novo* hearing before the District Court on the issue of continued child support. That request challenges the predicate

required to extend child support, including whether P.E.B. was enrolled in a program to obtain a high school diploma. In his request, Jon argued the following:

> [Mary] presented no documented evidence nor testimony by any individual in support of her presentation that the child continues to participate in programs towards a high school diploma.
>
> Further, [Mary] presented very limited evidence as to why the child would require a high school diploma though the child already has secured college degrees.
>
> Further, [Mary] therein failed to produce any information, documents or opinions that the Pennsylvania school selected for the high school curriculum met those qualifications required by the State of Texas in either its curriculum or certification by the State of Texas . . . .

After a *de novo* hearing, the District Court denied the request to extend the child support obligation, ordering that it terminated on May 20, 2022. Mary was represented by counsel at the de novo hearing who filed a motion for new trial. The trial court denied the motion for new trial and this appeal followed.

Mary proceeds in this Court *pro se.* She challenges the denial of the request to extend Jon's child support obligation in seven issues that in several ways contend the District Court erred in failing to follow the law, consider the evidence, or consider the emotional and financial impact of not affirming the Associate Judge's ruling. Although not assigned as a distinct issue, her brief also contends that her trial counsel failed to properly present the case or protect her interests.[1] The record before us, however, is limited to the clerk's record, which does not include findings of fact or conclusions of law. No reporter's record was filed.

---

[1] Jon did not favor us with a appellee's brief.

## EXTENSION OF CHILD SUPPORT OBLIGATION

A child support order typically orders support payments "until the child is 18 years of age or until graduation from high school, whichever occurs later." Tex. Fam. Code Ann. § 154.001(a)(1). For a child who does not attend high school, the court "may render an original support order, or modify an existing order" providing child support payments after the child's 18th birthday if the child is enrolled in certain other defined schools or programs with compliant attendance policies. Tex. Fam Code Ann. § 154.002(a). Home school qualifies as a "private secondary school" for the purposes of child support orders. *In re J.H.*, 264 S.W.3d 919, 926 (Tex. App.—Dallas 2008, no pet.). "The intent of section 154.002(a) is to require a parent to help support his child, even if the child is over eighteen years of age, so long as that child is actively participating in studies that would lead to a high school diploma." *Crocker v. Attorney Gen. of Tex.*, 3 S.W.3d 650, 653 (Tex. App.—Austin 1999, no pet.) (citing *In re Frost*, 815 S.W.2d 890, 892 (Tex. App.—Amarillo 1991, no writ)).

## STANDARD OF REVIEW

A trial court's order for child support is reviewed for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex. App.—El Paso 2005, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Or this Court explained:

> The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. An

abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. If, however, the trial court drew an incorrect conclusion of law by misapplying the law to the facts and the controlling findings of fact do not support a correct legal theory sufficient to support the judgment, an abuse of discretion would be shown.

*Sotelo*, 170 S.W.3d at 787–88 (internal citations omitted).

Under this standard of review, the legal or factual sufficiency of the evidence are relevant factors in assessing whether the trial court abused its discretion. *In re J.H.*, 264 S.W.3d at 923–24. But challenging the sufficiency of the evidence is not enough. *Sotelo*, 170 S.W.3d at 787. " In a case involving these overlapping standards of review, we engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion?" *Id*. And when no findings of fact or conclusions of law were requested or filed, it is implied that the trial court made all the findings necessary to support its judgment. *Worford*, 801 S.W.2d at 109; *Sotelo*, 170 S.W.3d at 787, (citing *Pharo v. Chambers County, Texas*, 922 S.W.2d 945, 948 (Tex. 1996)).

### STANDARDS FOR PRO SE LITIGANTS

Before addressing the merits of Mary's arguments, we note as a preliminary matter that although we liberally construe a pro se litigant's brief, a pro se litigant is held to the same standards as a licensed attorney when representing herself, and she must therefore comply with all applicable laws and rules of procedure in doing so. *See Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.), (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)); *see also Kalil v. Gen. Motors Corp.*, No. 08-00-00263-CV, 2002 WL 265818, at *2 (Tex. App.—El Paso Feb. 26, 2002, no pet.) (not designated for publication) ("While it is true that pro se pleadings and briefs are to be liberally construed, this does not mean that a pro se litigant is not required to comply with the law and rules of procedure.");

4

*see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (recognizing that pro se litigants are not exempt from the rules of procedure). If pro se litigants were not required to comply with applicable laws and rules of procedure, they would be given an unfair advantage over parties represented by counsel. *See Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589–90 (Tex. App.—El Paso 2013, no pet.). And, as the Texas Supreme Court has recognized, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444.

It is with these principles in mind that we conduct our review of whether Mary has carried her burden to show that the District Court abused its discretion in ruling as it did.

## DISCUSSION

Mary argues that the trial court "ruled without consideration of the documentation submitted." Her complaint may be that the trial court improperly excluded evidence, or that the trial court's order is not supported by sufficient evidence. Either argument requires us to review the record of the hearing to determine what evidence was presented to the court. But we cannot do so because no reporter's record was filed.[2] Without a record, we do not know what evidence was offered, admitted, or excluded and we do not know if Mary preserved error. *See In Estate of Romo*, 503 S.W.3d 672, 678 (Tex. App.—El Paso 2016, no pet.) ("To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure an adverse ruling from the court."). Similarly, without a record, Mary's sufficiency argument

---

[2] Mary also complains that the trial court did not provide a reason for its ruling. However, from the clerk's record before us, it does not appear that Mary filed a request for findings of fact and conclusions of law which would have provided that rationale for the decision. Tex. R. Civ. P. 296.

necessarily fails. To obtain an extension of child support, Mary had the burden of producing evidence that the requirements of § 154.002(a) were met. Because no reporter's record was filed, Mary "cannot show insufficiency of the evidence to support a finding." *Bell v. State for S.E.G.*, 659 S.W.3d 21, 25 (Tex. App.—El Paso 2021, pet. denied); *Castillo v. Martinez*, No. 08-22-00167-CV, 2023 WL 3012585, at *1 (Tex. App.—El Paso Apr. 19, 2023, no pet. h.) (mem. op.) ("It is well-established law that without a complete record, an appellate court cannot review all evidence presented or 'apply the appropriate evidentiary sufficiency standards in review of the case.'"), (quoting *In re Est. of Arrendell*, 213 S.W.3d 496, 499 (Tex. App.—Texarkana 2006, no pet.)). Instead, "we must assume that the missing evidence supports the trial court's ruling." *Bell*, at 24–25, (citing *Bryant v. United Shortline Inc. Assurance Services, N.A.*, 972 S.W.2d 26, 31 (Tex. 1998)); *Bloyed v. General Motors Corp.*, 881 S.W.2d 422, 430 (Tex. App.—Texarkana 1994), *aff'd*, 916 S.W.2d 949 (Tex. 1996).

Even without a reporter's record, some issues might still be presented to an appellate court. *In re J.A.B.*, 13 S.W.3d 813, 815 (Tex. App.—Fort Worth 2000, no pet.) (deciding strict question of law in deciding whether trial court erred is allowing extension of child support). But none of Mary's issues pertain to pure questions of law. Instead, her arguments focuses on the conduct of the trial court at the hearing, claiming the judge was "angry", "flustered and irritated", she stated that she "needed to leave" and hurried the proceeding along. But without a record of the hearing, we have no way to test the veracity of these claims, or understand their context, even if true. Mary's brief contends the judge "ruled without consideration of the documentation submitted" but we have no means of determining what documents were actually admitted at the hearing. [3]

---

[3] Mary attaches numerous documents to her brief to make the showing required by § 154.002. In reviewing a trial court's orders, we are restricted to the appellate record and documents in an appendix are not part of the appellate record. *Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied) ("The attachment of

Mary also claims that her attorney in the trial court proceedings failed to provide effective representation. But, an ineffective assistance of counsel claim only applies when a party has a constitutional or statutory right to counsel. *Interest of W.M.*, 587 S.W.3d 828, 830 (Tex. App.—El Paso 2019, no pet.). This is a civil case in which Mary seeks to modify a child support order. No constitutional or statutory provision guarantees an attorney in these cases. Even at that, her argument works at cross-purposes to her claim that the trial court abused its discretion. Even for the sake of argument, if the case was improperly presented to the trial court, we can hardly fault the trial court for ruling as it did on the arguments and evidence before it.

## CONCLUSION

Because Mary has not provided us with a record to show error by the trial court and because we do not recognize ineffective assistance of counsel claims in this class of cases, we affirm the order of the trial court below.

JEFF ALLEY, Chief Justice

May 20, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal and, therefore, the documents cannot be considered.").