**Opinion filed May 10, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00160-CV

_____

### IN THE INTEREST OF A.J.E., A CHILD

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-119,101**

### O P I N I O N

This appeal arises from a dispute between parents regarding whether or not their child should be immunized against "vaccine preventable diseases." *See* TEX. HEALTH & SAFETY CODE ANN. § 161.004 (West 2010). Appellant, the child's mother, does not want the child to be immunized. She asked the trial court for exclusive authority to make this determination for the child in a proceeding to modify the parent-child relationship. After obtaining the input of a physician, the trial court ruled that the child should be immunized in accordance with the father's wishes. Appellant challenges this ruling in a single issue. We affirm.

*Background Facts*

Appellant and appellee were appointed as the joint managing conservators of the child in an order establishing the parent-child relationship. Appellant subsequently sought an order from the court allowing her to be solely responsible for making any decisions regarding immunization

of the child. Appellant testified at the hearing that the child had an allergic reaction to the first set of immunizations she received at four months of age. Appellant attributed the allergic reaction to food allergies that the child suffers. Appellant testified that she has subsequently researched the safety of immunizations and that she has determined that the child should not receive future immunizations. Appellant also testified that there was a history in her family of bad reactions to immunizations. When cross-examined regarding the success of immunization programs such as the polio vaccine, appellant testified that it "is a matter of opinion."

At the conclusion of the hearing, the trial court announced that the parties would be required to consult a physician to meet with them and the child to determine the risks involved with immunizing the child. The trial court subsequently appointed Dr. Ranganayaki Yalavarthi, M.D. to determine whether or not the child should be immunized. The physician subsequently wrote the court a letter that provided as follows:

> Sir,
>
> I am the pediatrician that the family was asked to come for second opinion about [the child's] immunizations.
>
> Mother, father, stepmom, and great aunt were here with the child.
>
> After lengthy, informational and emotional discussion, I strongly suggest that [the child] be immunized according to CDC (Center (sic) for Disease Control) and AAP (American Academy of Pediatrics) recommendations.

Based upon the physician's recommendation, the trial court entered a final order requiring the child to be immunized.

*Standard of Review*

A trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession. Accordingly, we review a decision to modify conservatorship for a clear abuse of that discretion. *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, or when it clearly fails to correctly analyze or apply the law." *Id.* (citing *In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). In any case involving an issue of conservatorship, the best interest of the child must always be the primary consideration of the trial court. TEX. FAM. CODE ANN. § 153.002 (West 2008).

2

Under the abuse of discretion standard, issues relating to the legal and factual sufficiency of the evidence are not independent grounds of error, but only factors used in assessing whether the trial court abused its discretion. *In re R.T.K.*, 324 S.W.3d 896, 899–900 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). In determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we must inquire: (1) did the trial court have sufficient information upon which to exercise its discretion and (2) did the trial court err in its application of discretion? *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). With regard to the first question, the traditional sufficiency review comes into play. *Id*. We then proceed to determine whether the trial court made a reasonable decision based on the elicited evidence. *Id*. The trial court does not abuse its discretion so long as the record contains some evidence of substantive and probative character to support its decision. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The fact that a trial court may decide a matter within its discretionary authority in a different manner from an appellate court in a similar circumstance does not demonstrate an abuse of discretion. *Id*. at 215.

*Analysis*

In her sole issue on appeal, appellant asserts that the trial court abused its discretion by requiring the child to be immunized. She initially contends that the trial court's order violates her constitutional and statutory rights because it infringes upon her right to direct the medical care and treatment of her child. We disagree with appellant's analysis in this regard because it ignores the fact that the child's other parent wants the child to be immunized. If the court had ruled in appellant's favor, the child's father would have the same argument she now advances. Accordingly, this case does not involve a situation where the government is attempting to override the will of both parents or the sole surviving parent of a child. *See Troxel v. Granville*, 530 U.S. 57, 60 (2000) (plurality opinion) (involving a sole surviving parent's decision to restrict grandparent access); *Miller v. HCA, Inc.*, 118 S.W.3d 758, 767 (Tex. 2003) (involving both parents' mutual decision to withhold medical care for an infant born prematurely with severe medical problems). To the contrary, this case involves a determination regarding which of the conflicting preferences of the child's parents should be honored.

Appellant has not cited any authority that her opposition to immunizations outweighs appellee's preference for them. To the contrary, Section 161.004(a) provides that "[e]very child in the state shall be immunized against vaccine preventable diseases caused by infectious agents"

3

in accordance with the requirements of the Texas Board of Health. *See* TEX. HEALTH & SAFETY CODE ANN. § 11.001(1) (West 2010). However, Section 161.004(d) provides an exemption from the immunization requirement for a child if:

> (1) a parent, managing conservator, or guardian states that the immunization is being declined for reasons of conscience, including a religious belief; or

> (2) the immunization is medically contraindicated based on the opinion of a physician licensed by any state in the United States who has examined the child.

As set forth in the statute, appellant's opposition to immunizations constitutes an exception to the general rule.

Appellant also contends that there is no evidence supporting the trial court's decision. We disagree. The physician's letter constitutes evidence that immunization is in the child's best interest. The letter establishes that immunization of the child is not medically contraindicated and that it complies with the recommendations of the Centers for Disease Control and the American Academy of Pediatrics. Accordingly, there is evidence supporting the trial court's determination that the father's preference for the child to be immunized is in the child's best interest. Furthermore, the record does not show that the trial court abused its discretion in making this determination. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL
JUSTICE

May 10, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4