**Opinion filed January 26, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00010-CV
_____

## IN THE INTEREST OF E.L.W. AND A.C.W., CHILDREN

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 20347**

### M E M O R A N D U M   O P I N I O N

Bethany W. appeals the trial court's order granting Jason W.'s petition to modify the parent-child relationship with their children, E.L.W. and A.C.W.[1] In her first two issues, Bethany contends that the evidence presented at trial was insufficient to prove that circumstances had materially and substantially changed since entry of the agreed decree of divorce and that the modification was in the best interest of the children. In her third issue, Bethany argues that the trial court erred by introducing testimony based on its own personal knowledge. We affirm.

---

[1]We will refer to the parties to this appeal as "Bethany" and "Jason."

*Background Facts*

Bethany and Jason are the parents of E.L.W. and A.C.W. On February 26, 2015, the trial court entered an agreed final decree of divorce dissolving their marriage. The agreed divorce decree designated Bethany as the parent with the right to determine the children's primary residence. The agreed order also contained a "Morality Clause" that forbade an unrelated person of the opposite sex with whom the parent was involved in an intimate relationship from being present between the hours of midnight and 8:00 a.m. when the children were in the parent's possession.

In June 2015, Bethany's boyfriend, Jason Moore, began living at Bethany's home with her and her two children. Moore had a history of drug use, and sometime in mid-June, Bethany arrived home to find Moore using methamphetamine. Bethany told Moore to leave the home and enter a drug treatment program. Moore entered a drug treatment program, but he spent less than a week in the program. Moore lived with Bethany after leaving the treatment program. Bethany testified that she knew Moore had been sober since he left the program because she and his ex-wife conducted random drug tests on Moore. Other individuals with criminal and drug use histories had also stayed in Bethany's home during the months following the divorce.

On July 14, 2015, Jason filed his petition to modify the parent-child relationship due to his concerns regarding the safety and well-being of his children. The trial court considered the petition at a bench trial conducted on October 1, 2015. The trial court subsequently entered a written order granting Jason's petition and ordered that Jason would have the exclusive right to determine the children's primary residence. The trial court also ordered that Bethany would have possession of the children in accordance with a standard possession order and that she would pay child support to Jason.

*Analysis*

Bethany challenges the sufficiency of the evidence supporting the trial court's decision to modify the conservatorship of the children. A trial court may modify the terms and conditions of conservatorship if circumstances of the child or a conservator have materially and substantially changed since the prior order and if the modification would be in the best interest of the child. TEX. FAM. CODE ANN. § 156.101(a)(1) (West 2014). Bethany's first issue addresses the "material and substantial change" element, and her second issue addresses the "best interest of the child" element. *See id.*

"A trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession. Accordingly, we review a decision to modify conservatorship for a clear abuse of that discretion." *In re A.J.E.*, 372 S.W.3d 696, 698 (Tex. App.—Eastland 2012, no pet.); *see Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it fails to correctly analyze or apply the law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). In any case involving an issue of conservatorship, the best interest of the child must always be the primary consideration of the trial court. FAM. § 153.002.

Under the abuse of discretion standard, issues relating to the legal and factual sufficiency of the evidence are not independent grounds of error, but only factors used in assessing whether the trial court abused its discretion. *In re A.J.E.*, 372 S.W.3d at 698. In determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we must inquire as follows: (1) Did the trial court have sufficient information upon which to exercise its discretion and (2) did the trial court err in its application of discretion? *Id.* at 698–99. The trial court does not abuse its discretion so long as the

record contains some evidence of substantive and probative character to support its decision. *Id.* at 699.

Bethany contends that the trial court did not expressly find that there was a material and substantial change in circumstances since the agreed divorce decree was entered in February 2015 and that there was no evidence presented of the conditions that existed in February 2015. She cites *In re W.C.B.* in support of this contention. 337 S.W.3d 510, 514 (Tex. App.—Dallas 2011, no pet.) ("In considering whether a material and substantial change of circumstances has occurred, the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that existed at the time of the hearing on the petition to modify.").

We agree that the trial court did not expressly make a finding of a material and substantial change in circumstances. However, when a court makes findings of fact but omits an essential element of a ground of recovery or defense, the presumption of validity will supply by implication any omitted, unrequested element that is supported by evidence. *In re P.H.R.*, No. 01-14-00101-CV, 2014 WL 7474207, at *6 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) (citing TEX. R. CIV. P. 299). To prevent a missing element from being implied on appeal, an appellant may request additional findings on omitted elements. *Id.* (citing TEX. R. CIV. P. 298). Bethany requested findings of fact and conclusions of law after entry of the order modifying conservatorship. However, nothing in the record shows that Bethany requested additional findings on the omitted element.

The evidence presented at trial shows that, after entry of the agreed order, Bethany allowed Moore to move into her home and live with her and the children. Bethany knew Moore had a history of drug use, and she continued to allow him to live in the home after finding Moore using methamphetamine in the home. Further, Bethany allowed other individuals with drug and criminal histories to stay in the

4

home following entry of the agreed decree of divorce. This evidence shows a material and substantial change in circumstances after the entry of the agreed decree of divorce. Because the trial court expressly found that modification was in the best interest of the children and because there is some evidence to support that there had been a material and substantial change in circumstances, we will presume that the trial court found a material and substantial change in circumstances. We also conclude that the trial court did not abuse its discretion in making this implied finding based upon the evidence outlined above. We overrule Bethany's first issue.

Bethany directs her second issue at the trial court's best interest finding. We review a trial court's best interest finding in conservatorship proceedings by using the *Holley* factors. *In re M.C.M.*, No. 11-13-00375-CV, 2014 WL 3698283, at *5 (Tex. App.—Eastland July 17, 2014, no pet.) (mem. op.); *see Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These non-exhaustive factors include (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the plans for the child by these individuals, (6) the stability of the home, (7) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (8) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371–72.

Although there is no evidence in the record as to every factor, Bethany's decision to permit Moore and others with drug abuse problems to be in her home was a significant factor in the trial court's decision. This evidence indicated an impact on the children's emotional and physical needs, as well as posing an emotional and physical danger to the children (the second and third factors). It was also relevant to Bethany's parental abilities and the stability of the home (the fourth and sixth factors). Conversely, Jason testified that he is able to provide food, a home,

5

and clothing for the children. He stated that he is able to get the children to all appointments and to school on time. Additionally, he testified that he has looked into after-school and summer programs for the children to participate in while he is working and that he also has his mother to assist him when necessary. After reviewing the entire record and considering all of the evidence, we cannot conclude that the trial court's best interest determination constituted an abuse of discretion because there was some evidence of a substantive and probative character to support its decision. *See In re A.J.E.*, 372 S.W.3d at 699. We overrule Bethany's second issue.

In her third issue, Bethany argues that the trial court improperly introduced testimony in violation of TEX. R. EVID. 605 based upon its own personal recollection of past events regarding Moore. On the record at the conclusion of the bench trial, the court recalled Moore's divorce case wherein Moore admitted to being a methamphetamine user. The trial court stated that it had knowledge of Moore's history and asked Bethany: "You know, but for Jason Moore, you wouldn't be here today. You understand that?" Bethany replied in the affirmative.

Bethany contends that the trial court's comments amounted to the presiding judge testifying as a witness in the case in violation of Rule 605. We disagree.[2] Rule 605 simply provides that "[t]he presiding judge may not testify as a witness at the trial." TEX. R. EVID. 605. In analyzing a complaint under Rule 605, the question is whether the judge's statement is the functional equivalent of witness testimony. *Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990). We conclude that the trial court's comments in this case did not constitute the functional equivalent of witness testimony because they did not convey factual information not in evidence. *See In re C.C.K.*, No. 02-12-00347-CV, 2013 WL 452163, at *33 (Tex. App.—Fort

---

[2]We note at the outset that the underlying proceeding was a bench trial, rather than a jury trial where the harm from the presiding judge testifying as a witness would be much greater.

6

Worth Feb. 7, 2013, no pet.) (mem. op.). The trial court's statements primarily consisted of facts previously presented at trial regarding Moore and his methamphetamine use.

The trial court posed some questions to Bethany about the timing of Moore's divorce in comparison to when he started living with her. A trial court's right to examine witnesses in a bench trial is well established. *Bhamani v. Citizens Enters., Inc.*, No. 11-13-00041-CV, 2015 WL 1779055, at \*8 (Tex. App.—Eastland Apr. 16, 2015, no pet.) (mem. op.) (citing *In re Estate of Vigen*, 970 S.W.2d 597, 600 (Tex. App.—Corpus Christi 1998, no pet.)). Bethany did not object to any of these questions, thereby waiving any complaint on appeal to the questions. *See id.* With respect to the question that the trial court posed to Bethany about Moore being the reason why she was in court, the trial court's comment was similar to the comment made by the trial court in *State v. Stewart* where the trial court provided an explanation at a hearing on a motion for new trial as to why it believed its initial sentence was disproportionate. 282 S.W.3d 729, 736–37 (Tex. App.—Austin 2009, no pet.). The Austin Court of Appeals concluded that Rule 605 was inapplicable to the trial court's comment. *Id.* We hold that the trial court's comments in this case did not implicate Rule 605 for the same reason. The trial court's comments were akin to an explanation to Bethany for the trial court's eventual ruling. We overrule Bethany's third issue.

*This Court's Ruling*

We affirm the order of the trial court.

January 26, 2017                               JOHN M. BAILEY

Panel consists of: Wright, C.J.,                    JUSTICE
Willson, J., and Bailey, J.