

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00336-CV

## IN RE JOHNATHAN WOMACK AND
## GENA TAYLOR-WAGNER

_____

## Original Proceeding

_____

# OPINION

Relators Johnathan Womack (John) and Gena Taylor-Wagner (Gena) seek

mandamus relief to vacate the "Order to Immunize Foster Child over Parental Objection"

(the Order) that was signed by the trial court in the underlying case on October 2, 2017.

We conditionally grant mandamus relief.

John's and Gena's son was born on April 24, 2017. To protect the child's identity,

we will refer to him by the alias Jimmy. *See* TEX. R. APP. P. 9.8. Shortly after Jimmy's

birth, the Department of Family and Protective Services (the Department) removed him

from John's and Gena's care and filed a petition for protection of a child, for

conservatorship, and for termination in suit affecting the parent-child relationship. The trial court then conducted an adversary hearing and signed a temporary order on June 14, 2017, appointing the Department as temporary managing conservator of Jimmy and appointing John and Gena as temporary possessory conservators of Jimmy. The trial court ordered that the Department, as Jimmy's temporary managing conservator, shall have all the rights and duties set forth in section 153.371 of the Family Code. *See* TEX. FAM. CODE ANN. § 153.371 (West Supp. 2017). The trial court further ordered that the Department is authorized to consent to medical care for Jimmy pursuant to section 266.004 of the Family Code. *See id.* § 266.004 (West Supp. 2017). As for John and Gena, the trial court ordered that they, as Jimmy's temporary possessory conservators, shall have "the limited rights and duties set forth in **Attachment A**" of the temporary order. Attachment A provides in relevant part:

> 23.1. Each Temporary Possessory Conservator appointed in this Order shall have the following rights:
>
> 23.1.1. The right to receive information concerning the health, education, and welfare of their child;
>
> 23.1.2. The right to access to medical, dental, psychological, and educational records of their child;
>
> 23.1.3. The right to consult with a physician, dentist, or psychologist of their child . . . ;
>
> 23.1.4. The right to consult with school officials concerning their child's . . . welfare and educational status, including school activities;

23.1.5. The right, during times of unsupervised possession, to consent for their child . . . to medical, dental, and surgical treatment during an emergency involving immediate danger to the health and safety of their child; and/or

23.1.6. The right, during times of possession, to direct the moral and religious training of their child.

23.2. Each Temporary Possessory Conservator appointed in this Order shall have the following duties:

23.2.1. The duty, during periods of possession of their child which are not supervised by the Department or its designee, of care, control, protection, and reasonable discipline of their child; and/or

23.2.2. The duty to support their child, including providing the child with clothing, food, and shelter during periods of possession of their child which are not supervised by the Department or its designee.

Thereafter, at a hearing on July 12, 2017, the Department expressed concern that Jimmy had not received any vaccinations. The Department explained that Jimmy is living in a foster home where he is exposed to social environments like daycare and church, that the Department would therefore like Jimmy to receive immunizations, but that Gena is opposed to it. John and Gena expressed at the hearing that they are both opposed to Jimmy being vaccinated at this time. The trial court initially declined to rule on the issue and ordered John and Gena to meet with Jimmy's pediatrician to discuss the need for the immunizations and John's and Gena's basis for objecting to them.

On September 27, 2017, the trial court then held an evidentiary hearing about whether immunizations should be administered to Jimmy. Dr. Carly Lyons, Jimmy's

pediatrician, first testified that she believes that the benefits of receiving immunizations outweigh the potential side effects and that it is therefore in Jimmy's best interest to be given vaccinations. Gena then testified that, based predominantly on the prevalence of autism in her family, she is opposed to Jimmy receiving vaccinations until he is "past the age of autism," which she thinks is about five years old. John then similarly testified that it is still his desire that Jimmy not yet be immunized. John stated that he has filled out and had notarized an affidavit so that Jimmy would be exempt from the immunization requirements of section 161.004 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 161.004(a), (d)(1) (West 2017).

The trial court subsequently signed the Order on October 2, 2017. The trial court found that it is in Jimmy's best interest to have the normal childhood immunizations. The trial court also concluded that it has the power to order that the immunizations occur notwithstanding the parents' objection. The trial court therefore ordered that "the Department shall promptly cause [Jimmy] to receive and continue to receive the normal childhood immunizations as recommended by his pediatrician notwithstanding the parents' objection." The trial court nevertheless ordered that "the Department shall delay the execution of this order until further order of this court to allow the parents a reasonable time to seek mandamus relief from the 10th Court of Appeals."

John and Gena subsequently filed their petition for writ of mandamus. They contend that the trial court erred in granting the Department's request to immunize

Jimmy over their objection because it violates subsection 32.101(c) of the Family Code. *See* TEX. FAM. CODE ANN. § 32.101 (West Supp. 2017). The Department responds that the trial court had the authority to issue the Order under section 266.004 of the Family Code, *see id.* § 266.004, and that section 32.101 of the Family Code is inapplicable here.

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 643 (Tex. 2009) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Interpretation of a statute is a pure question of law over which the trial court has no discretion. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).

We begin by determining the applicability of section 32.101 of the Family Code to this case.

> In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Where text is clear, it is determinative of that intent, *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009), and we give meaning to the language consistent with other provisions in the statute, *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." *Entergy*, 282 S.W.3d at 437 (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a

construction leads to absurd results. *City of Rockwall*, 246 S.W.3d at 625-26. We also presume that the Legislature intended a just and reasonable result by enacting the statute. *Id.* at 626 (citing TEX. GOV'T CODE § 311.021(3)).

*Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010).

Subsection 32.101(a) of the Family Code provides in relevant part:

In addition to persons authorized to consent to immunization under Chapter 151 and Chapter 153, the following persons may consent to the immunization of a child:

. . . .

(2) a person authorized under the law of another state or a court order to consent for the child.

TEX. FAM. CODE ANN. § 32.101(a). The Department acknowledges that the statute's use of the word "person" includes the Department. *See* TEX. GOV'T CODE ANN. § 311.005(2) (West 2013) ("'Person' includes corporation, organization, government or governmental subdivision or agency . . . ."); *In re N.A.D.*, 397 S.W.3d 747, 750-51 (Tex. App.—San Antonio 2013, no pet.) (concluding that Family Code section 156.102's use of the word "person" includes the Department). The Department also recognizes that the trial court's June 14 temporary order authorizes the Department to consent to medical care for Jimmy. The Department argues, however, that section 32.101 does not apply here because the Order does not involve the Department's right to consent to the immunization of Jimmy. Rather, the Department contends that the trial court itself is ordering medical care for Jimmy in the Order.

We disagree. The Order does not state that the trial court orders certain medical personnel to give Jimmy certain immunizations, and we express no opinion as to whether the trial court has the authority to render such an order. Rather, the trial court signed the Order after the Department expressed its desire to have Jimmy given the normal childhood immunizations, and the Order states that "the Department shall promptly cause [Jimmy] to receive and continue to receive the normal childhood immunizations as recommended by his pediatrician notwithstanding the parents' objection." The Order therefore authorizes the Department to consent to Jimmy receiving "the normal childhood immunizations as recommended by his pediatrician." It does not circumvent the applicability of section 32.101. Under subsection 32.101(a), the Department is "a person authorized under . . . a court order to consent for [Jimmy]" who may consent to his immunization. *See* TEX. FAM. CODE ANN. § 32.101(a).

Subsection 32.101(c) of the Family Code provides in relevant part:

A person otherwise authorized to consent under Subsection (a) may not consent for the child if the person has actual knowledge that a parent, managing conservator, guardian of the child, or other person who under the law of another state or a court order may consent for the child:

(1) has expressly refused to give consent to the immunization;

. . . .

*Id.* § 32.101(c). And, with regard to Jimmy, the statute's use of the word "parent" includes both John and Gena. *See id.* § 101.024(a) (West Supp. 2017) ("'Parent' means the mother, a man presumed to be the father, a man legally determined to be the father, a man who

has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive mother or father. Except as provided by Subsection (b), the term does not include a parent as to whom the parent-child relationship has been terminated.").

The Department argues, however, that subsection 32.101(c) does not apply here because the statute's language requires that John or Gena not only be "a parent" who "has expressly refused to give consent to the immunization" but be "a parent . . . who under the law of another state or a court order may consent for the child" and who "has expressly refused to give consent to the immunization." *See id.* § 32.101(c). The Department notes that, as Jimmy's temporary possessory conservators, John and Gena have only "the limited rights and duties set forth in **Attachment A**" of the June 14 temporary order, which do not include the right to consent for Jimmy.

The "rule of the last antecedent" "provides that 'a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *Lockhart v. United States*, 136 S.Ct. 958, 962 (2016) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S.Ct. 376, 380, 157 L.Ed.2d 333 (2003)); *see also Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). And the Department acknowledges that when the rule of the last antecedent is applied to the text of subsection 32.101(c), the limiting clause or phrase "who under the law of another state or a court order may consent for the

child" modifies only "other person," and not "a parent." *See* Tex. Fam. Code Ann. § 32.101(c).

The Department nevertheless points out that "the rule of the last antecedent 'is not an absolute and can assuredly be overcome by other indicia of meaning.'" *Lockhart*, 136 S.Ct. at 963 (quoting *Barnhart*, 540 U.S. at 26, 124 S.Ct. at 380). The Department argues that one indicium would be that the interpretation leads to an absurd result. *See Presidio Indep. Sch. Dist.*, 309 S.W.3d at 930 ("We thus construe the text [of a statute] according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results."). And the Department asserts that applying the rule of the last antecedent to the text of subsection 32.101(c) leads to "an absurd result" because, under such an interpretation, "the parent expressly denied by court order the right to consent to immunizations would have the absolute right to veto the decision of the parent who had been the one solely granted that right."

Chapter 32 of the Family Code, however, is entitled "Consent to Treatment of Child by *Non-Parent or Child*," Tex. Fam. Code Ann. ch. 32 (emphasis added), and does not apply to a situation involving conflicting preferences of a child's parents. *See, e.g., In re A.J.E.*, 372 S.W.3d 696, 698 (Tex. App.—Eastland 2012, no pet.) (upholding trial court's determination that father's preference for child to be immunized is in child's best interest despite mother's objection and distinguishing "a situation where the government is attempting to override the will of both parents or the sole surviving parent of a child").

We therefore conclude that the rule of the last antecedent should be applied to the text of subsection 32.101(c) and that the limiting clause or phrase "who under the law of another state or a court order may consent for the child" therefore modifies only "other person," and not "a parent." *See* TEX. FAM. CODE ANN. § 32.101(c); *Lockhart*, 136 S.Ct. at 962. Accordingly, under the plain language of subsection 32.101(c), the Department, having actual knowledge that Jimmy's parents, John and Gena, have expressly refused to give consent to Jimmy being immunized, may not consent to Jimmy being immunized. *See* TEX. FAM. CODE ANN. § 32.101(c).

Having determined that section 32.101 applies here, we further conclude that reliance on section 266.004 of the Family Code does not help the Department.

Section 266.004 provides in relevant part:

(a) Medical care may not be provided to a child in foster care unless the person authorized by this section has provided consent.

(b) Except as provided by Section 266.010, the court may authorize the following persons to consent to medical care for a foster child:

. . . .

(2) the department or an agent of the department.

. . . .

(g) On its own motion or in response to a petition under Subsection (e) or Section 266.010, the court may issue any order related to the medical care of a foster child that the court determines is in the best interest of the child.

. . . .

*Id.* § 266.004(a), (b)(2), (g).  The Department argues that the trial court had the authority to render the Order under this section.  *But see id.* § 266.002 (West 2014) ("This chapter does not limit the right to consent to medical, dental, psychological, and surgical treatment under Chapter 32.").  Even if we construe the plain language of section 266.004 as allowing the Order, however, such a construction simply causes section 266.004 to be in direct conflict with section 32.101.  Section 32.101, the more specific statute entitled "Who May Consent to Immunization of Child," would therefore control over section 266.004, the more general statute.  *See* TEX. GOV'T CODE ANN. § 311.026(b) (West 2013) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision . . . ."); *Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996).

Finally, the Department argues that the recent enactment of section 264.1076 of the Family Code, although not directly applicable to this case,[1] presumes that the Department has authority to vaccinate that the Legislature intends on limiting.  Section 264.1076 provides in relevant part:

(a) This section applies only to a child who has been taken into the conservatorship of the department and remains in the conservatorship of the department for more than three business days.

(b) The department shall ensure that each child described by Subsection (a) receives an initial medical examination from a physician or other health

---

[1] Section 264.1076 applies only to a child who entered the conservatorship of the Department on or after September 1, 2017.  Act of May 28, 2017, 85th Leg., R.S., ch. 319, §§ 15(b), 34, 2017 Tex. Sess. Law Serv. 716, 723, 738 (West).

care provider authorized under state law to conduct medical examinations not later than the end of the third business day after the date the child is removed from the child's home, if the child:

(1) is removed as the result of sexual abuse, physical abuse, or an obvious physical injury to the child; or

(2) has a chronic medical condition, a medically complex condition, or a diagnosed mental illness.

. . . .

(d) A physician or other health care provider conducting an examination under Subsection (b) may not administer a vaccination as part of the examination without parental consent, except that a physician or other health care provider may administer a tetanus vaccination to a child in a commercially available preparation if the physician or other health care provider determines that an emergency circumstance requires the administration of the vaccination. The prohibition on the administration of a vaccination under this subsection does not apply after the department has been named managing conservator of the child after a hearing conducted under Subchapter C, Chapter 262.

. . . .

TEX. FAM. CODE ANN. § 264.1076 (West Supp. 2017). But nothing in section 264.1076 indicates that the Department had or has the authority to vaccinate a child when the Department "has actual knowledge that a parent, managing conservator, guardian of the child, or other person who under the law of another state or a court order may consent for the child . . . has expressly refused to give consent to the immunization." *See id.* § 32.101(c). Therefore, the recent enactment of section 264.1076 is irrelevant here.

For these reasons, we conclude that the trial court clearly abused its discretion in rendering the Order. John and Gena also have no adequate remedy by appeal.

Accordingly, we conditionally grant John's and Gena's petition for writ of mandamus. A writ will issue only if Respondent fails to vacate its "Order to Immunize Foster Child over Parental Objection" issued on October 2, 2017, and to notify this Court in writing that it has done so within seven days from the date of this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition granted
Opinion delivered and filed December 27, 2017
[OT06]

