**Opinion filed July 12, 2018**



## In The

# Elebenth Court of Appeals

_____

### No. 11-17-00205-CV

_____

## IN RE J.R.G., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM-53,519**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the father's child support obligation. The trial court determined that the child "became emancipated by operation of law" on September 28, 2016, when he turned eighteen, because he was not enrolled in an accredited secondary school under Chapter 25 of the Texas Education Code in a program leading toward a high school diploma or enrolled on a full-time basis in a private secondary school in a program leading toward a high school diploma. *See* TEX. FAM. CODE ANN. § 154.002 (West 2014). Appearing pro se on appeal, the mother challenges the trial court's determination in a single issue. We affirm.

*Background Facts*

The parents of the child were divorced on January 28, 2013. Under the terms of the final decree of divorce, the father was ordered to pay child support until the child reached the age of eighteen years or graduated from high school, whichever occurred later. The decree further provided language tracking Section 154.002 of the Texas Family Code with respect to the statutory requirements for determining if a child is enrolled in a school leading toward a high school diploma and complying with minimum attendance requirements.

On January 27, 2017, the Texas Attorney General filed a Motion for Emancipation Determination and Suit for Modification of Child Support Order. The motion sought a determination concerning the father's obligation to continue paying child support after the child turned eighteen. The trial court conducted a hearing on the motion on May 23, 2017. The father testified that he received a "Student Withdrawal Form" from Texas Virtual Academy. The form indicated that the child had withdrawn from Texas Virtual Academy on August 22, 2016. The father testified that this was the last school that he knew of in which the child was enrolled. In that regard, the father testified that his relationship with the child was almost nonexistent. The father testified that he was not aware of any school in which the child was enrolled during the fall semester of 2016.

The mother testified that the child was doing home schooling in the fall of 2016. She stated that he attended Texas Virtual Academy prior to that time but that the school withdraws all students in the summer and that the students have to reapply for admission in the fall. The mother testified that this is a standard policy with "online schooling." The mother had planned to enroll the child in another program in the fall of 2016, but she did not do so because she could not afford it. She testified that she did home schooling in the fall of 2016 instead and that she got it approved through Texas Virtual Academy. The mother testified that, as of the date of the

hearing, the child was enrolled with Texas Virtual Academy for the spring 2017 semester.

On cross-examination, the mother testified that the child earned four credits for the fall 2016 semester. She also testified that the child would graduate in June 2018 after she initially testified that he would graduate in June 2019. When asked, "What does [Texas Virtual Academy] consider to be full-time enrollment?" the mother testified that it does not have set hours that she is aware of. She also testified that the child worked on school work during the fall of 2016 for seven to eight hours a day.

The mother submitted a letter from Texas Virtual Academy stating that it was an accredited Texas public school. She also offered into evidence a transcript from Texas Virtual Academy. The transcript was dated May 2, 2017. It indicated that the eighteen-year-old child was still a ninth grader, with seven total credits. The transcript showed that the child took three home school classes in the fall of 2016 and that he earned credit for those three classes. However, the mother testified that the child would be receiving additional credits in June 2017 for the fall 2016 semester.

At the conclusion of the hearing, the trial court announced its findings. The trial court determined that the child was not enrolled in Texas Virtual Academy in the fall of 2016 and that the mother provided home schooling during that period. However, the trial court found that the mother did not provide sufficient information to the court that the child was enrolled on a full-time basis and complying with the minimum attendance requirements. For the spring 2017 semester, the trial court determined that the child was enrolled in Texas Virtual Academy but that there was no evidence of what the child was taking or his school attendance. Based upon these determinations, the trial court denied the mother's request for continued child support.

*Analysis*

On appeal, the mother challenges the sufficiency of the evidence supporting the trial court's determination. She contends that she established that the child was a full-time student during the 2016–2017 school year "as a home school student/online public, private school student." The mother asserts that she submitted documentation to support this contention.

We review a trial court's child support order for a clear abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Worford*, 801 S.W.2d at 109; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Under the abuse of discretion standard, issues relating to the legal and factual sufficiency of the evidence are not independent grounds of error, but only factors used in assessing whether the trial court abused its discretion. *In re A.J.E.*, 372 S.W.3d 696, 698 (Tex. App.—Eastland 2012, no pet.). In determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we must inquire as follows: (1) did the trial court have sufficient information upon which to exercise its discretion and (2) did the trial court err in its application of discretion? *Id.* at 698–99. The trial court does not abuse its discretion so long as the record contains some evidence of substantive and probative character to support its decision. *Id.* at 699.

Prior to addressing the evidence offered at trial, we note that the mother references matters that were not before the trial court at the time it announced its decision. As a general rule, appellate courts must only consider evidence that was before the trial court at the time of judgment. *Creedmoor-Maha Water Supply*

*Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 523 n.11 (Tex. App.—Austin 2010, no pet.) (citing *University of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961)). The mother did not plead for continued child support based on disabilities of the child, and no evidence was presented concerning any disabilities. Additionally, she cites documents attached to her motion for new trial to establish that the child was a full-time student in 2016–2017. However, the record does not show that the trial court considered the new evidence or that the mother obtained leave of court for the trial court to consider it. *See McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In this regard, the trial court denied the mother's motion for new trial. Accordingly, we restrict our review to the evidence before the trial court at the hearing.

The mother asserts that the trial court failed to recognize that a home school student is a student for purposes of Section 154.002. We disagree. The trial court did not deny the mother's claim for continued child support on this basis. To the contrary, the trial court referenced a "private secondary school" in announcing its ruling. As noted by the Dallas Court of Appeals, home schools are included within the purview of a private secondary school under Section 154.002. *In re J.H.*, 264 S.W.3d 919, 926 (Tex. App.—Dallas 2008, no pet.).

Under Section 154.002(a)(1)(C) and (2)(B), the trial court may order child support past the child's eighteenth birthday if the child is enrolled on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by the school in which the child is enrolled. *Id.* The trial court determined that the child attended home school in the fall of 2016. However, the trial court determined that the mother did not show that the child was attending on a full-time basis or meeting minimum attendance requirements. As noted previously, the transcript from Texas Virtual Academy that the mother provided at the hearing only showed

that the child took three home school classes in the fall of 2016. Thus, the documentary evidence before the trial court supported the trial court's determination that the child was not a full-time home school student in the fall of 2016.

With respect to the spring of 2017, the evidence indicated that the child had re-enrolled in Texas Virtual Academy. However, the trial court determined that the mother presented no evidence about what classes the child was taking in the spring of 2017 or his attendance for the semester. The transcript from Texas Virtual Academy dated May 2, 2017, did not indicate that the child was enrolled in any classes for the spring 2017 semester. Thus, the evidence presented at the hearing supports the trial court's determinations. *See In re A.J.E.*, 372 S.W.3d at 698–99. Accordingly, the trial court did not abuse its discretion by entering an order terminating the father's child support obligation. We overrule the mother's sole appellate issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE


July 12, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.