# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00180-CV

---

**In re Ashley Zook**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Ashley Zook (Mother) petitions this Court for writ of mandamus seeking relief from the temporary order rendered on April 7, 2021, which granted the request of the attorney ad litem (AAL) to authorize vaccination of Mother's five children without her consent. We will conditionally grant mandamus relief.

## BACKGROUND

This dispute concerns the proposed vaccination of Mother's five children. In June 2020, the Texas Department of Family and Protective Services filed a suit affecting the parent-child relationship (SAPCR) seeking termination of Mother's parental rights. The trial court ultimately appointed the Department as the temporary managing conservator of the children, appointed an AAL for the children, and placed all five children with their grandparents in Illinois.

On March 15, 2021, the AAL moved for further temporary orders, requesting that the court order, among other things, up-to-date vaccinations for all five children. Mother opposed the vaccination of all five children; the father of the younger two children also opposed

vaccination, while the father of the three older children consented to vaccination. At the hearing before the associate judge, the children's pediatrician testified as to the importance of vaccinations and that the vaccinations are in the best interest of the children, and it was uncontested that the pediatrician was recommending vaccinations in accordance with CDC guidelines for children. Mother, however, testified that she expressly refused to give consent to immunizing the children, and therefore she argued at the hearing that neither the Department nor the Court could provide the necessary consent to require vaccination of the children under Section 32.101 of the Texas Family Code. *See* Tex. Fam. Code § 32.101 ("Who May Consent to Immunization of Child"). The associate judge rendered Further Temporary Orders on April 7, 2021, granting the AAL's motion to provide the children with up-to-date vaccinations, set to go into effect on April 19, 2021. Zook's mandamus petition followed.

## STANDARD OF REVIEW

We may issue a writ of mandamus to correct a trial court's abuse of discretion when no adequate remedy by appeal exists. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to correctly analyze or apply the law. *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *See In re Department of Fam. & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding), *abrogated on other grounds, In re G.X.H.*, No. 19-0959, 2021 WL 1704234, at *5 n.4 (Tex. Apr. 30, 2021). A clear failure by the trial court to analyze or

apply the law correctly will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.3d 833, 840 (Tex. 1992).

In determining what the law is, questions of statutory construction are reviewed de novo. *In re Office of the Att'y Gen. of Tex.*, 456 S.W.3d 153, 155 (Tex. 2015) (orig. proceeding). We generally construe the words of the statute according to their plain meaning and in the context of the surrounding provisions. *See* Tex. Gov't Code § 311.011; *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). "When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language." *City of Rockwall*, 246 S.W.3d at 625–26. That is, construction canons may be relied on to help interpret ambiguous language but cannot be used to create ambiguity. *Texas Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 133 n.8 (Tex. 2018); *see also Texas State Bd. of Exam'rs of Marriage & Fam. Therapists v. Texas Med. Ass'n*, 511 S.W.3d 28, 41 (Tex. 2017) ("A statute is ambiguous if its words are susceptible to two or more reasonable interpretations, and we 'cannot discern legislative intent in the language of the statute itself.'" (quoting *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 639 (Tex. 2010))).

## DISCUSSION

Mandamus relief may be an appropriate remedy when the trial court abuses its discretion in rendering temporary orders in a SAPCR, as temporary orders are not appealable. *See, e.g.*, *In re Vernor*, 94 S.W.3d 201, 209–10 (Tex. App.—Austin 2002, orig. proceeding); *see also* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."). Under the unique circumstances of this case—where there

was insufficient time to hold a de novo hearing before the temporary order went into effect[1] and the immunizations could not be "undone"—no adequate remedy by appeal exists. *See In re Allstate Indem. Co*., 822 S.W.3d 870. 883 (Tex. 2021) (orig. proceeding) (explaining "adequate remedy" is "a proxy for the careful balance of jurisprudential considerations, and its meaning depends heavily on the circumstances presented" (quoting *In re Garza*, 544 S.W.3d at 840)); *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (explaining that mandamus relief is appropriate for "irremediable" temporary orders).

Mother asserts that the trial court abused its discretion when it entered temporary orders authorizing the vaccination (or otherwise in authorizing others by court order to consent to the vaccination) of the children when the parties involved have actual knowledge that a parent has expressly refused to give consent. We agree.

Section 32.101 generally governs who may consent to the immunization of children. *See* Tex. Fam. Code § 32.101(a). Applicable here, a person may consent to immunization of a child if they are authorized under a court order to consent for the child. *See id.* § 32.101(a)(2). A court having jurisdiction over a SAPCR of which the child is the subject may also give consent to immunization of a child if a person under subsection (a) is not available. *Id*. § 32.101(b)(7).

Regardless of whether a person would have authority to consent under subsection (a) or (b), that person "*may not consent for the child if the person has actual knowledge that a*

---

[1] A referring court must hold a de novo hearing within thirty days of a timely request, *see* Tex. Fam. Code § 201.015(f), but the contested order here went into effect after only twelve days. Regardless of whether a de novo hearing occurs, the temporary order rendered by the associate judge "constitutes an order of the referring court." *Id.* § 201.007(c); *see also id*. § 201.016 ((a) (providing that the failure to request a de novo hearing "does not deprive the party of the right to appeal to or request other relief from a court of appeals").

*parent*, managing conservator, guardian of the child, or other person who under the law of another state or a court order may consent for the child . . . *has expressly refused to give consent to the immunization*." *Id*. § 32.101(c)(1) (emphases added); *see also id.* § 32.101(b) (prohibiting persons listed under subsection (b) from consenting if authority to consent has been denied under subsection (c)). Here, it is undisputed that all the parties, including the AAL, knew that Mother had expressly refused to give consent. Thus, the unambiguous language of the statute would prohibit any of those parties from having the authority to consent to immunization under Section 32.101. *See Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004) ("If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results."); *In re Womack*, 549 S.W.3d 760, 766 (Tex. App.—Waco 2017, orig. proceeding) ("Accordingly, under the plain language of subsection 32.101(c), the Department, having actual knowledge that [the] parents . . . have expressly refused to give consent to [their child] being immunized, may not consent to [the child] being immunized.").

The Department's arguments to the contrary are unavailing. The Department contends that this Court should read Section 32.101(c) in harmony with several statutes to conclude that "only a person who has the authority to consent in the first place is also able to withhold consent." *See* Tex. Fam. Code §§ 264.1076 (providing Department with right to vaccinate children in foster care in limited circumstances not applicable here), 266.004(b) (providing that court may authorize Department or other specified person to consent to medical care for foster child). The parties have not argued here that the trial court authorized the children

5

to be vaccinated pursuant to any statute other than Section 32.101.[2] The plain language of Section 32.101 includes no requirement that the parent must have authority to consent; the statute only references that "a parent . . . has expressly refused to give consent to the immunization." *See id.* § 32.101(c)(1). Even when read in the context of surrounding provisions, "parent" would be limited to exclude only "a parent as to whom the parent-child relationship has been terminated," *id*. § 101.024, which has not yet occurred here.

The Department suggests an alternate reading of the statute: that the clause "who under the law of another state or a court order may consent" should modify all of the preceding nouns, including "parent," not just "other person." *See id*. § 32.101(c)(1). In effect, the Department calls for us to apply the "series-qualifier" canon of construction in interpreting the statute. *See Sullivan v. Abraham*, 488 S.W.3d 294, 297 (Tex. 2016) (explaining that "series-qualifier canon" provides that postpositive modifier applies to entire series of nouns or verbs when there is a straightforward, parallel construction). Application of the canon of construction, however, should not be used to create ambiguity. *See Texas Health*, 569 S.W.3d at 133 n.8. If we were to accept this interpretation, then the statute would effectively prohibit Texas parents from refusing to consent to their children's immunization unless they have a court order expressly allowing them to consent to immunization. The Department would thus have us read

---

[2] When an associate judge ordered that the children receive up-to-date vaccinations, we are presented with a person (either the AAL or the Department) who is authorized under a court order to consent to immunization. *See* Tex. Fam. Code § 32.101(a)(2); *see also In re Womack*, 549 S.W.3d 760, 765 (Tex. App.—Waco 2017, orig. proceeding) (explaining that order authorizing Department to consent to immunizations "does not circumvent the applicability of section 32.101"). Similarly, insofar as there is a conflict between the statutes, the limitations on consenting to immunizations under Section 32.101 should be treated as an exception to the general right to consent to medical care under Sections 264.1076 or 266.004. *See* Tex. Gov't Code § 311.026(b).

language into the statute requiring parents to seek a court order doing nothing more than confirming they possess certain rights; such a requirement is not supported by the statute itself. *See City of Rockwall*, 246 S.W.3d at 631 ("[C]hanging the meaning of the statute by adding words to it, we believe, is a legislative function, not a judicial function." (citing 67 Tex. Jur. 3d *Statutes* § 85 (2003)). Moreover, the lack of punctuation setting off the modifying clause further indicates the Legislature's intent to limit the modifier only to the last item ("other person") in the series. *See Sullivan*, 488 S.W.3d at 298 (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 161 (2012)).

The Department further contends that the present matter is distinguishable from *In re Womack*, 549 S.W.3d at 766 (holding Department could not consent to child's immunization when it has actual knowledge that parents refused to consent), because here (1) the parents are not designated as temporary possessory conservators, (2) Mother did not provide any rationale for her opposition, and (3) only one parent (not both) refused to consent to vaccination of the three older children.[3] The unambiguous language of the statute, however, does not require that the parents be currently designated as conservators (or otherwise currently possess the children). *See* Tex. Fam. Code § 32.101(c)(1). Nor is there any requirement that the parent provide a basis or rationale for their refusal. *See id.*

Finally, the statute unambiguously provides that "other persons" are prohibited from consenting if they have actual knowledge that "a parent" has expressly refused to give consent. *See id.* "A" is an indefinite article used before singular nouns when the individual is

---

[3] The Department also contends that the evidence supports the conclusion that vaccination is in the children's best interest. Even if we accept this as true, the unambiguous language of Section 32.101 still allows a parent to expressly refuse to give consent to vaccination. *See* Tex. Fam. Code § 32.101(c)(1).

unspecified.  *See Webster's Third New International Dictionary* 1 (2002).  Although the plain language of the statute allows for a single parent's "opposition to immunization [to] outweigh [the other parent's] preference for them" in this context, *In re A.J.E.*, 372 S.W.3d 696, 699 (Tex. App.—Eastland 2012, no pet.), we are bound to "take statutes as we find them" and cannot "fix" a statute by disregarding clear statutory language, *see DeQueen*, 325 S.W.3d at 637.

Because the trial court and the other parties had actual knowledge that Mother has expressly refused to give consent to immunization, neither the court pursuant to subsection (b)(7) nor another person pursuant to subsection (a)(2) of Section 32.101 could consent to immunization of the children.  We conclude that the trial court therefore abused its discretion in rendering temporary orders to the contrary. *See Walker*, 827 S.W.2d at 840; *In re Womack*, 549 S.W.3d at 767.

## CONCLUSION

We conditionally grant Mother's petition for writ of mandamus, lift the temporary stay, and direct the associate judge to vacate the portions of the Further Temporary Orders from April 7, 2021 that provide for the vaccination of the children.  The writ will only issue if the district court fails to comply.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Filed:   July 15, 2021

8