In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00255-CV**
_____


**IN THE INTEREST OF B.Y.**

_____

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 16-12-14903-CV**
_____

**MEMORANDUM OPINION**

This appeal involves a dispute over the continuation of child support. Appellant ("Appellant" or "Mother") appeals an order in which the trial court terminated Appellee's ("Appellee" or "Father") income withholding for child support. The child had reached the age of eighteen and the Father alleged the child was no longer enrolled in high school in compliance with Chapter 25 or in a program leading toward a high school diploma, and the trial court agreed. We affirm.

1

Background

Mother and Father married in June 1994 and divorced in March 2017. Mother and Father are the parents of B.Y., who was born in April 2000 and who was almost seventeen years old at the time of the divorce.[1] The divorce decree included the following provision for child support:

> IT IS ORDERED that [Father] is obligated to pay and shall pay to [Mother] child support of one thousand five hundred dollars ($1,500.00) per month, with the first payment being due and payable on April 1, 2017 and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:
> 1. the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;
> 2. the child marries;
> 3. the child dies;
> 4. the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or
> 5. the child's disabilities are otherwise removed for general purposes.
>
> If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that [Father's] obligation to pay child support to [Mother] shall not terminate but shall continue for as long as the child is enrolled-
> 1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is

---

[1] We refer to the parents as Mother and Father and we use initials for the child. *See* Tex. Fam. Code Ann. § 109.002(d) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

2

complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

B.Y.'s eighteenth birthday was in April 2018.

On September 6, 2018, Father filed a Petition to Terminate Withholding for Child Support that alleged:

The child/children named: [B.Y.] has/have reached the age of eighteen years and is/are no longer fully enrolled in an accredited secondary school in a program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit pursuant to section 130.008 of the Texas Education Code or enrolled in a private secondary school in a program leading toward a high school diploma.

On October 24, 2018, Mother filed an answer, asserting a general denial and alleging that "the child the subject of this suit is currently enrolled in James Madison High School, an accredited secondary school, leading towards a high school diploma."[2]

On May 13, 2019, Mother filed a Petition to Modify Parent-Child Relationship in which she alleged that circumstances had materially and substantially changed since the signing of the order then in effect because Father had filed a Petition to Terminate Child Support. Mother alleged that B.Y. "is enrolled on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements

---

[2] Hereinafter, we refer to the James Madison High School as "the online school."

3

imposed by the school in which the child is enrolled." Mother requested that the previously ordered child support be increased and continued until the end of the month in which B.Y. graduates from high school.[3]

On May 14, 2019, Father filed an Amended Petition to Terminate Income Withholding requesting termination of the order for child support as well as reimbursement for payments made from "June 1, 2018, the first day of the first month [] following the child becoming eighteen years old OR from September 15, 2018, which is the first child support payment following the date of the filing of the Motion to Terminate the Child Support Withholding Order."

Bench Trial

The matter was tried to the bench on May 20, 2019. Father testified that B.Y. turned eighteen in April 2018 and was then attending The Woodlands High School (WHS). According to Father, when B.Y. turned eighteen, he was a senior, and he was skipping classes and not doing his work. Father testified that he would take B.Y. to school, but B.Y. would "walk out the back door and hop in a friend's car and they'd leave." Father testified that when B.Y. turned eighteen, he was not in compliance with WHS attendance requirements and that B.Y. did not graduate from WHS. Father testified that he received an email from WHS saying that B.Y. was not

---

[3] The Petition also requested that Father provide medical and dental insurance for B.Y., but the matter of insurance is not the subject of this appeal.

enrolled for the following year and Father "was told [B.Y.] wasn't going to high school. That he would be attending online school." At the time of trial, Father understood that B.Y. had not completed any credits in the online school and Father described Respondent's Exhibit 7, a record from the online school, reflected that B.Y. was "not participating in the program." Based on the records he had been provided, Father believed that B.Y. was not in compliance with the online school's requirements.

Mother testified that when B.Y. was attending WHS, he would go to school but not attend class, and instead he would go to the library, the courtyard, or the hall. Mother testified that B.Y. did not pass his classes at WHS because of grades and attendance, and Mother was not sure how many credits B.Y. had earned at WHS. According to Mother, B.Y. was never unenrolled from WHS, and although B.Y. was expected to return to WHS, B.Y. "begged" her not to go back. Mother also testified that B.Y. had a 504 Plan at WHS whereby he was given extra time to complete assignments and that B.Y. had anxiety and panic attacks at WHS.

Mother further testified that she had enrolled B.Y. in an online school in August 2018, he had been fully enrolled in the online school since then, but at the time of trial, B.Y. had not earned any credits toward graduation through the online school. According to Mother, the online school only assigns one class at a time, and a student cannot advance without completing each course. Mother also testified that

5

B.Y. had worked in five different jobs in addition to his online schoolwork, working twenty to thirty hours a week.

Both parents offered exhibits into evidence. Petitioner's Exhibit 3 included multiple school records for B.Y., including: a "Student Transcript" showing that B.Y. earned zero credits for any course in grade 12 for the 2017-2018 school year at WHS; a "Notice of Receipt of Section 504 Services Plan" for B.Y. for grade 12 for the 2018-2019 school year at WHS; a psychological evaluation from October 2008, when B.Y. was eight years old, stating that B.Y. had been diagnosed with Attention Deficit/Hyperactivity Disorder and Oppositional Defiant Disorder and reporting concerns regarding "his behavior and school adjustment, as well as general academic issues[]"; B.Y.'s twelfth grade school record for school year 2018 with a withdrawal code of "Homeschool" and withdrawal date of August 15, 2018; B.Y.'s attendance record at WHS for school year 2017-2018, showing 34 unexcused absences, 20 In School Suspensions, 4 Absent from ISS, and 2 Tardy; and a communication from the Associate Principal at WHS dated April 24, 2018, addressing "attendance credit loss" for three courses for the fall semester of 2017. Exhibit 3 also included reports of B.Y.'s 504 Plan for grade 12 at WHS dated February 8, 2018, noting "Academic/Learning" impairments and including the following "Instructional Accommodations" notes:

ADHD; ODD; Depression

Allow one extra class period to turn in homework and class assignments
Seal away from distractions and near instruction
Hard copy of notes after student attempts & request
Frequent reminders to stay on task
Hard copy of reviews if provided when available after student attempts
   & request

In addition, Exhibit 3 included a "truancy warning" notation to B.Y.'s parents from the school district dated November 30, 2017 that stated in part:

> Texas law requires that in order for a student to obtain credit for a course the student must attend a minimum of 90% of the school year. That translates to a student missing no more than 4 days for any one class period per semester.

Respondent's Exhibit 4 is a copy of the online school's catalog that states that the school "provides access to one course at a time to a student." According to the catalog, the online students work at their own pace, and the school does not maintain "typical attendance records[.]" The catalog indicates students may seek an accommodation based on a disability by submitting a Verification of Disability Form. And, the catalog reflects that "Introduction to High School" is a non-credit course.

Respondent's Exhibit 5 is a copy of B.Y.'s Enrollment Agreement for the online school, with an enrollment date of August 15, 2018. Respondent's Exhibit 7 is a collection of screen-prints from the online school's student portal. The screen-prints indicate that B.Y. began Pre-Algebra: Part 1 on February 11, 2019, and it lists his status for the course as "Current[,]" and "In-Progress" and that B.Y. completed

7

Introduction to High School Part 1 on December 13, 2018 and completed Introduction to High School Part 2 on February 11, 2019. A "Progress Report" states "Your pace is currently BELOW TARGET." Another "Progress Report" for Pre-Algebra: Part 1 shows four grades received, no learning objectives passed, and no assignment submissions.

At the conclusion of the trial, the court stated "I understand that what I have to decide is whether or not at any time after [B.Y.] turned age 18, he was complying with the attendance requirements of The Woodlands High School." The court also stated that it wanted to give the parties an opportunity to brief the court on this issue.

Post-Trial Briefing

Both parties submitted post-trial briefs. Father argued that his child support obligation terminated as a matter of law when B.Y. turned eighteen years of age and was not attending high school in accordance with the minimum attendance requirements of the Education Code. According to Father, under section 154.002 of the Family Code, child support may be extended beyond a child's eighteenth birthday by (1) a motion to modify and (2) findings that the child in question is properly enrolled in high school and attending according to the terms of the Education Code, and that the burden of proof is on the obligee parent. Father argued that the undisputed evidence showed that B.Y. did not meet minimum attendance requirements under the Education Code while in school for the year 2018, which

8

requires attendance for 90% of class days, when B.Y. turned eighteen years old. Father further argued that he had paid an excess of $16,500 in child support and that under section 154.012 of the Family Code, Mother owed Father the excess amount paid, in addition to attorney's fees and court costs.

Mother argued that, although B.Y. had not graduated when he turned eighteen, he continued to attend WHS and was never dismissed or withdrawn from WHS, that B.Y. has continued his education in an accredited online school, and "at no time after he turned 18 was [B.Y.] un-enrolled from school." Citing to *In re J.A.B.*, 13 S.W.3d 813, 816 (Tex. App.—Fort Worth 2000, no pet.), Mother argued that "so long as a child was enrolled in 12th grade and never dismissed or withdrawn for excessive absences, he [is] 'fully enrolled' for purposes of the statute." According to Mother, B.Y. was fully enrolled, registered for the "normal" number of classes, and not withdrawn or expelled from WHS. Mother also argued that B.Y. has special learning needs, and that one of the accommodations under B.Y.'s 504 Plan was "to adjust the attendance requirements so that [B.Y.] could continue his schooling and not be withdrawn" from school. According to Mother, Texas courts have "refused to strictly apply statutory language that clearly goes against Texas public policy to provide support for children to obtain an education even if that means education continues beyond the date on which a child becomes a legal adult."

On July 8, 2019, the trial court entered an Order Terminating Income Withholding as of June 1, 2018.[4] Mother timely appealed.

Issues

Appellant raises two issues on appeal. In her first issue, she contends that the trial court erred in ordering that Appellee father's child support obligation and Order of Income Withholding should be terminated. Appellant argues that when B.Y. turned eighteen years old, he was enrolled in an accredited secondary school and in a program leading to a high school diploma and that Texas public policy requires the obligor parent provide support for children to obtain a high school education, even if education continues beyond the date of the child's eighteenth birthday. Appellant also argues that B.Y. had a disability that authorized continuance of child support past his eighteenth birthday, and that a parent should not be required to pull a child out of a regular school program to avoid arbitrary application of Chapter 154 of the Family Code.

Appellant's second issue argues that the trial court erred in denying her Petition to Modify Appellee's child support obligation because "[s]ubstantial evidence was submitted to the trial court via school records and testimony showing

---

[4] The court did not enter any Findings of Fact and Conclusions of Law, and the record shows no evidence that either party requested them.

that [B.Y.] suffers from a disability that affected his ability to attend and participate in a mainstream schooling environment."

Standard of Review and Applicable Law

A court's order on child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles—in other words, whether the decision was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion as to legal matters by failing to analyze or apply the law correctly. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In determining whether a trial court abused its discretion, we view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of the judgment. *In the Interest of W.J.B.*, 294 S.W.3d 873, 878 (Tex. App.—Beaumont 2009, no pet.) (citing *Royer v. Royer*, 98 S.W.3d 284, 285 (Tex. App.—Beaumont 2003, no pet.)). We will uphold the trial court's decision if there is some evidence of a substantive and probative character to support it. *Id.* Because no findings of fact or conclusions of law were requested or filed in this case, we infer that the trial court made all the necessary findings to support its judgment. *See Worford*, 801 S.W.2d at 109. Only the evidence most favorable to the

judgment is considered and the judgment will be upheld on any legal theory that finds support in the evidence. *See id.*; *Niskar v. Niskar*, 136 S.W.3d 749, 753-54 (Tex. App.—Dallas 2004, no pet.).

Father's Petition to Terminate Withholding

The Texas Family Code provides that:

(a) The court may render an original support order, or modify an existing order, providing child support past the 18th birthday of the child to be paid only if the child is:
    (1) enrolled:
        (A) under Chapter 25, Education Code, in an accredited secondary school in a program leading toward a high school diploma;
        (B) under Section 130.008, Education Code, in courses for joint high school and junior college credit; or
        (C) on a full-time basis in a private secondary school in a program leading toward a high school diploma; and
    (2) complying with:
        (A) the minimum attendance requirements of Subchapter C, Chapter 25, Education Code; or
        (B) the minimum attendance requirements imposed by the school in which the child is enrolled, if the child is enrolled in a private secondary school.
(b) The request for a support order through high school graduation may be filed before or after the child's 18th birthday.
(c) The order for periodic support may provide that payments continue through the end of the month in which the child graduates.

Tex. Fam. Code Ann. § 154.002 ("Child Support Through High School Graduation."). The Education Code provides that "Except as provided by this section, a student in any grade level from kindergarten through grade 12 may not be

given credit or a final grade for a class unless the student is in attendance for at least 90 percent of the days the class is offered." Tex. Educ. Code Ann. § 25.092(a).

For the school year 2017-2018, B.Y. was enrolled at WHS, and the parties do not dispute that WHS was an accredited secondary school or that B.Y. was enrolled in a program leading toward a high school diploma. The parties also do not dispute that B.Y. did not graduate from WHS, and the record evidence reflects that B.Y. did not receive credits for any courses for which he was enrolled for school year 2017-2018 and that he did not graduate.

WHS attendance records for school year 2017-2018 that were admitted into evidence show that B.Y. had 34 unexcused absences, 20 In School Suspensions, 4 Absent from ISS, and 2 Tardy. Father testified that B.Y. was not in compliance with WHS attendance requirements when he turned eighteen and that B.Y. did not graduate from WHS. Mother testified that B.Y. did not pass his classes at WHS due to his grades as well as attendance. On this record, the trial court would not have abused its discretion in concluding that, when B.Y. turned eighteen, even though he was enrolled in an accredited secondary school in a program at WHS, he was not complying with the minimum attendance requirements of Chapter 25 of the Education Code. *See* Tex. Educ. Code Ann. § 25.092(a); Tex. Fam. Code Ann. § 154.002(a).

13

Mother also argues that B.Y. was enrolled in an online school. *See* Tex. Fam. Code Ann. § 154.002(b). Section 154.002 requires compliance with minimum attendance requirements, even when the child is enrolled in a private school. *See id.* § 154.002(a)(2)(B). But, in this case, the online school's catalog states that its students work at their own pace, and the school does not maintain attendance records.

In *In re J.H.*, the Dallas Court of Appeals considered whether there was evidence to support a child support order for a child older than eighteen who was enrolled in an internet-based homeschooling program. *See* 264 S.W.3d 919 (Tex. App.—Dallas 2008, no pet.). The mother testified that J.H. had completed between one-third and one-half of the home-schooling program and he was required to finish the program in three years. *See id.* at 926. The court concluded that J.H. was "making progress toward his diploma by studying required materials and completing testing[]" and, therefore, there was some evidence that J.H. was enrolled on a full-time basis in a private secondary school in a program leading toward a high school diploma and complying with the minimum attendance requirements. *See id.* at 927.

In this case, however, the record reflects that B.Y. had only enrolled in one credit-bearing course with the online program and that he had not passed any learning objectives, nor had he submitted any assignments. On this record, we cannot say the trial court abused its discretion because the court could have concluded that

14

B.Y. was not making progress toward his diploma or completing testing through the online school. *See id.*

Mother also urges that we consider B.Y. "fully enrolled" for purposes of the statute, citing to *In re A.B.*, 994 S.W.2d 229 (Tex. App.—Eastland 1999, pet. denied), *Ewing v. Holt*, 835 S.W.2d 274 (Tex. App.—Fort Worth 1992, no writ), and *Interest of Frost*, 815 S.W.2d 890 (Tex. App.—Amarillo 1991, no writ). Prior versions of the statute provided for extension of child support past a child's eighteenth birthday "if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma." *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 158; Act of May 5, 1989, 71st Leg., R.S., ch. 617, § 5, 1989 Tex. Gen. Laws 2030, 2035-36 (current version at Tex. Fam. Code Ann. § 154.002). The current statute no longer uses the phrase "fully enrolled" and instead requires that the child be complying with minimum attendance requirements, which we have already addressed herein. *See* Tex. Fam. Code Ann. § 154.002(a). Therefore, we find Mother's reliance on these cases unavailing.

Finally, Mother argues that "[i]t is Texas public policy to provide support for children to obtain a high school education even if that means that such education continues beyond the date on which a child becomes a legal adult." Mother cites to *In re J.A.B.*, 13 S.W.3d 813, 816 (Tex. App.—Fort Worth 2000, no pet.) (citations omitted), in which the Fort Worth Court of Appeals stated:

15

> The obvious intent of the legislature, as we have pointed out, is to require parents to aid in the support of their child, even if that child is over eighteen years of age, as long as the child is participating in studies leading toward a high school diploma. Implicit in the legislature's intent is its overriding concern that the child's participation be under appropriate supervision to ensure that it is an effective course of study.
>
> Supervision requires not only classroom teachers or course instructors, but also parents. A primary duty of a parent is to support the child, and this duty, according to the family code, includes providing the child with an education.

The Fort Worth court determined that the evidence showed that J.A.B. was "fully enrolled" and ordered continued child support. *See id.* at 816. As we have already discussed, neither the child support order nor the applicable statute in this case use the standard "fully enrolled," and we find *J.A.B.* distinguishable. We overrule Mother's first issue.

Mother's Petition to Modify

In this case, Mother appealed from the Order Terminating Income Withholding signed on July 8, 2019. Although the record does not reflect that the trial court entered an order expressly denying Mother's Petition to Modify, the trial court's Order Terminating Income Withholding states that "IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied."

Section 154.302 of the Family Code provides that:

> (a) The court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that:

16

(1) the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support; and
(2) the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child.

Tex. Fam. Code Ann. § 154.302.

Mother argues that school records and testimony show that B.Y. "suffers from a disability that affected his ability to attend and participate in a mainstream schooling environment." Father argues that B.Y. is not disabled under section 154.302 because there is no evidence that B.Y. is not capable of self-support or requires substantial care and personal supervision. Father also argues that Mother only argues that B.Y.'s "condition affects his ability to attend and participate in a mainstream schooling environment[]" and not that B.Y. cannot support himself. According to Father, Mother testified that she would leave B.Y. alone for long periods of time while she was at work and that B.Y. was employed and working up to thirty hours a week. Father further argues that B.Y.'s 504 Plan accommodations, whereby B.Y. had more time to complete assignments and a reduction in workload, do not require B.Y. to have additional time to graduate.

On this record, we cannot say the trial court abused its discretion in denying Mother's Petition to Modify. Mother cites no legal support for her argument that evidence of 504 Plan accommodations would require the trial court to find there is a disability under section 154.302. *See* Tex. R. App. P. 38.1(i). The trial court could

17

have reasonably concluded from the evidence Mother cites that B.Y. required certain accommodations in a traditional school setting and not that B.Y. "requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support[.]" *See* Tex. Fam. Code Ann. § 154.302(a). We overrule Mother's second issue.

Having overruled both of Mother's issues, we affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on May 20, 2020
Opinion Delivered September 3, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.

18